## 55067. JOHNSON v. THE STATE.

SHULMAN, Judge.

A jury rejected the defense of justification and found appellant guilty of aggravated assault. This appeal follows.

During direct examination by the state, the victim of the assault volunteered that on two prior occasions the accused had pointed a gun at him. In her sole enumeration of error, appellant contends that this testimony placed her character in evidence and that the trial court erred in denying her motion for mistrial based on that ground. We disagree.

We need not decide whether the testimony complained of was admissible. But see *Davis v. State*, 233 Ga. 638 (2) (212 SE2d 814) (testimony that defendant threatened to shoot victim on day before homicide and that defendant had shot at others on other occasions held admissible). Cf. *Strickland v. State*, 137 Ga. App. 419 (2) (224 SE2d 87) (testimony that defendant had pointed pistol at others held admissible).

The record shows that the testimony was not responsive to the state's question. The record also shows that the trial court gave complete curative instructions to disregard the testimony. "Since that portion of the witness' testimony. . . was not in response to the question propounded. . . and since the trial judge instructed the jury to ignore it and to confine its consideration to the offense charged against the accused, we cannot hold that the court erred in overruling the defendant's motion for a mistrial." *Britten v. State*, 221 Ga. 97 (5), 102 (143 SE2d 176).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 17, 1978 — DECIDED FEBRUARY 3, 1978.

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.