## 34034. WILLIAMS v. THE STATE.

NICHOLS, Chief Justice.

Walter W. Williams was convicted of murder and armed robbery and was given two life sentences to run consecutively.

Williams, two other males, and a female were together on the night of the murder. The female called the victim to drive them home. Williams first suggested that the group knock the victim unconscious and take his automobile. He later suggested shooting the victim. The victim arrived, the group got into his automobile, and he was directed by Williams to taken them along the Augusta Canal until they came to an isolated spot where he was asked by the female to stop the car. The two males and the female got out of the automobile to relieve themselves. At this point Williams pulled a gun, ordered the victim out of the automobile, shot him three times, kicked him in the head eight to ten times to make sure he was dead, took his automobile keys and wallet, and ordered the two male companions to put the body into the trunk. The four then drove further up the canal, stopped, threw the body into the canal and left the scene, taking the victim's wallet and his automobile. All four were apprehended three days later.

1. Appellant objected to one of his co-defendants being allowed to testify because his name was not on the list of witnesses.

The original list of witnesses and the first supplemental list contained the name of this witness. Thereafter, appellant was furnished with three more supplemental lists which did not contain the name of this witness.

In *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30) (1974), this court held that the purpose of Code Ann. § 27-1403 was "to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. [Cit.] This purpose is served by requiring that the defendant receive the names of the witnesses promptly upon demand and at a reasonable time before trial." The list of witnesses to which the cases refer is not a single piece of paper bearing the names of all witnesses. *Hicks v. State,* supra; *Pryor v. State,* 238 Ga. 698, 707 (8) (234 SE 2d 918) (1977). The requirement of the statute is one of substance rather than form. When the name of the witness is included on any list given to defense counsel a reasonable time before the trial, the statute is satisfied inasmuch as the defendant has had an opportunity to interview the witness before trial. A different result is not called for unless it has been made to appear on the record that a witness whose name appeared on an early list but who was dropped from a later list was offered at trial contrary to the prosecution's representation to the defense that the witness' testimony would not be offered during trial. The transcript supports the decision of the trial court to admit the co-defendant's testimony. Hence, the decision of the trial court will not be disturbed on appeal. Furthermore, since the witness in question was a co-defendant, defense counsel has had an opportunity to interview him at any time since the commitment hearing. There is no merit in this enumeration of error.

2.   Williams contends in his second enumeration of error that the trial court should have granted his motion for mistrial because his character impermissibly was placed into evidence. Defense counsel was cross examining a prosecution witness, and asked, "How long have you been going around with him [Williams]? A. You mean Walter. Q. Yes. A. Well, see, I grew up with his brothers and I had seen him only one time and I hadn't seen him no more since then and I had found out that he had been sent to Grady jail, you know, and . . ." At this point defense counsel interrupted the witness and made a motion for mistrial on the ground that appellant's character had been put in issue. After hearing argument

of counsel for the prosecution and the defense, the trial court overruled the motion.

The answer of the witness falls short of placing Williams' character into evidence. *Creamer v. State,* 229 Ga. 704, 708 (194 SE2d 73) (1972); *Woodard v. State,* 234 Ga. 901 (2) (218 SE2d 629) (1975); *Fleming v. State,* 236 Ga. 434, 439 (224 SE2d 15) (1976); and *Ogles v. State,* 238 Ga. 716 (235 SE2d 384) (1977). There is no merit in this enumeration of error.

3. The third enumeration of error contends the trial court erred in allowing the introduction of opinion evidence as to appellant's understanding of his rights when his rights were read to him by a police officer. Appellant had pled insanity at the time of commission of the acts charged in the indictment. The testimony was admitted, over objection that it was opinion evidence, to show the mental awareness of appellant at the time of his arrest. The police officer, who was a lay witness, was required to give facts upon which he based his opinion. *Graham v. State,* 236 Ga. 378, 383 (223 SE2d 803) (1976). There was no error in allowing the testimony into evidence as against the objection that it was opinion evidence.

Pretermitting the question of whether or not defense counsel preserved the point by proper and timely objection during the trial, this court holds that there is no merit in the assertion made in the third enumeration of error that the testimony prejudiced Williams' asserted right to remain silent. In Stone v. Estelle, 556 F2d 1242, 1244 (5th Cir. 1977) cert. den. 434 U. S. 1019, a habeas corpus case where the state prosecutor questioned and argued to the jury the defendant's refusal to participate in a lineup or to make any statement, the court held: "The disputed prosecutorial line of questioning and comment was unwarranted. However, even though we do not approve of such prosecutorial tactics, the question we must decide is whether the few remarks at issue produced a trial which was fundamentally unfair so as to deny appellant due process. See Doyle v. Ohio, 426 U. S. 610, 618, 96 S. Ct. 2240, 2245, 49 L. Ed. 2d 91 (1976); Donnelly v. DeChristoforo, 416 U. S. 637, 645, 94 S. Ct. 1868, 1872, 40 L. Ed. 2d 431 (1974). We hold that the prosecutorial

remarks today before us did not have that effect."

In the present case the witness' comment was: "Well, Detective Lewis was advising him of his rights and asked him if he wanted to make any statements and he refused to make any statement."

The testimony was allowed for the purpose of showing appellant's awareness and mental competence at the time of arrest and its introduction does not deny appellant due process under Doyle, supra.

4. The fourth enumeration of error contends the state failed to prove venue and therefore that the trial court erred in overruling appellant's motion for a directed verdict of acquittal.

The two co-defendants testified that after the victim picked them up in downtown Augusta, they drove up the levee to a spot where the victim was killed, then took the body further up the levee where it was dumped into the canal. The police officer testified that the county line was past the I-20 bridge. He testified that the body was found in Richmond County. This evidence was sufficient to establish venue in Richmond County. See *Johns v. State,* 239 Ga. 681 (1) (238 SE2d 372) (1977). There is no merit in this enumeration of error.

5. The fifth and sixth enumerations of error contend the trial court erred in denying appellant's motions for change of venue and continuance due to pre-trial publicity.

In *Young v. State,* 239 Ga. 53, 56 (236 SE2d 1) (1977), this court held: " ' "Just because, however, there has been widespread or even adverse publicity is not in itself grounds to grant a change of venue. As stated in Irvin v. Dowd, 366 U. S. 717, 722, 81 SC 1639, 1642, 6 LE2d 751 (1961), an important case draws public attention through 'swift, widespread and diverse means of communication' and hardly any prospective juror 'will not have formed some impression or opinion as to the merits of the case.' The proper test is whether the prospective juror 'can lay aside his impression or opinion and render a verdict based on the evidence presented in court.' Irvin v. Dowd, supra, at 723". . . "The test as to whether unfavorable newspaper publicity has so prejudiced a case against one accused of a crime that a fair trial cannot be had is whether the jurors

summoned to try the case have formed fixed opinions as to the guilt or innocence of the accused from reading such unfavorable newspaper publicity. . ." *Krist v. Caldwell,* 230 Ga. 536 (198 SE2d 161) (1973).' "

The transcript of the voir dire indicates that 32 of the prospective jurors did not know anything about the case or could not recall anything about it. Four persons vaguely recalled having heard something about the case. Eight recalled some accounts of or discussion about the case. One heard accounts about the case on the morning of the jury selection. Two were struck for cause. None had formed a fixed opinion as to guilt or innocence. The trial court did not err in overruling appellant's motions for change of venue and for continuance.

6. The seventh enumeration of error contends the trial court erred in admitting a blood sample taken from the victim in violation of a local court rule.

The local rule applies only to "drugs, narcotics and other contraband." The local rule does not apply to blood samples. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur, except that as to Division 3, Hill, J., concurs in the judgment only.*

ARGUED SEPTEMBER 20, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 20, 1978.

*Powell & Snelling, Richard L. Powell,* for appellant.
*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.