## 62480. JONES v. THE STATE.

BIRDSONG, Judge.

Lawson Jones was convicted of involuntary manslaughter and terroristic threats. He was sentenced to five years for involuntary manslaughter with three years to serve and four years to serve consecutively for the terroristic threats, a total of seven years to serve. The facts as pertinent to this appeal show that Jones was visiting a neighbor's house on a Sunday afternoon and got into a dispute with the neighbor and a guest of the neighbor. The evidence reflects that the neighbor advanced upon Jones with an ax while Jones was holding a "skinning" knife. While Jones was retreating and watching the neighbor, the deceased victim picked up an aluminum or iron pipe (the record is not clear) and struck at Jones' head. Jones saw the blow coming at the last moment and moved sufficiently to take the blow across the shoulder. The deceased (who apparently was drunk) stumbled and fell. While he was lying on the ground, Jones leaned down and stabbed the victim in the inner thigh and severed the femoral artery. The victim ran and sought help for the arterial bleeding but was unable to get help. Two police officers were called to investigate the incident and found Jones near the now unconscious victim still holding the knife. When the officers attempted to persuade Jones to surrender the knife, he made threats to kill the officers and restrained them from arresting him or going to the aid of the victim. The victim went into serious shock from loss of blood and ultimately died as a result of the knife wound. Jones was convicted of the homicide and of making threats against the police officers. Jones

now brings this appeal enumerating five alleged errors. *Held:*

1. In his first enumeration of error, Jones argues that the court erred in allowing a witness in rebuttal to testify that Jones had "bragged" to her that he had killed the victim. Jones contends that this placed his character into issue and should have been the subject of a limiting charge. We find no merit in either contention. Jones denied even realizing that he had cut the victim until after the damage had been done and that he (Jones) did not believe that the cutting had killed the victim. Clearly then, the offered evidence was contrary and impeaching in nature and as such was admissible against Jones. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Moore v. State,* 240 Ga. 210, 212 (240 SE2d 68). In the absence of a request for a limiting charge on the purpose of the impeaching testimony, there was no error in failing so to charge. *Jones v. State,* 242 Ga. 893, 896 (252 SE2d 394).

2. In his second enumeration, Jones contends that there was no corroboration for the testimony of the two officers as to the commission of the terroristic threats. This patently is without merit. The neighbor testified as to the threats made by Jones against the two officers and each officer corroborated the testimony of the other. There was ample corroboration of the testimony of each victim as to this charge. *Morgan v. State,* 229 Ga. 532, 533 (192 SE2d 338).

3. During the voir dire of prospective jurors, one of the jurors in answer to a question relating to whether any juror knew the appellant Jones stated that he knew Jones from his job with the Department of Corrections. Nothing was added to that comment. Thus it is not clear just how the juror knew Jones or what relationship either bore to that department of the state or in what capacity they had encountered each other. Appellant made no objection at the time the comment was made nor did he seek any corrective action until much later during the striking of the jurors. The ultimate motion for mistrial came too late. *Favors v. State,* 145 Ga. App. 864, 867 (4) (244 SE2d 902). Moreover, the answer in and of itself was innocuous and could not have prejudiced the appellant. *Moss v. State,* 136 Ga. App. 241 (2) (220 SE2d 761).

4. Appellant's fourth enumeration borders on the frivolous. He complains therein that the trial judge stated he would not give a requested charge and then subsequently did give the charge thereby depriving appellant the right to argue the issue of accident. In fact the transcript shows that the trial court stated clearly to counsel for appellant that the court would not give the requested charge on accident but would give the standard charge. The court did in fact give an appropriate and complete charge on the issue of accident. If appellant did not argue the issue, it was not because the trial court did

not charge that principle of law. This enumeration is without merit.

5. In his last enumeration of error, appellant argues that the form used by the trial court to assist the jury in arriving at an appropriate verdict was suggestive of a finding of guilt (i.e., the form used "(  ) guilty" instead of "not guilty" or "guilty") and that the charge explaining the use of that form was confusing. The form used by the court has been expressly approved by this court in the case of *Chance v. State,* 154 Ga. App. 543 (268 SE2d 737) and *Hudson v. State,* 154 Ga. App. 594 (269 SE2d 89). Our examination of the charges shows it was clear and not in any way confusing. We find no merit in this enumeration.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 22, 1981.

*Roy E. Harkleroad,* for appellant.

*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.