67950. GLASS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery. On appeal he contends the trial court erred by allowing the State to introduce hearsay evidence to explain the police officer's conduct in arresting appellant.

Detective Thomas Gill was the chief investigating officer of the armed robbery of a convenience store. He testified that he arrested Dennis Green and Kelvin Jenkins for the robbery. He was then asked what information he received from Dennis Green's wife that led to the arrest of appellant. Gill testified, over objection, that Mrs. Green told Gill that appellant came to her apartment and told Mrs. Green he had been involved in the armed robbery. The court allowed the testimony on the basis that it explained Gill's conduct, and instructed the jury it was admitted for that limited purpose only. Appellant contends this was error and we agree.

In *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982), the court held: "When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then . . . conversations . . . and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2]." This rule was re-emphasized in the recent case of *Teague v.*

*State*, 252 Ga. 534, 536 (314 SE2d 910) (1984), where the court stated that "only in rare instances will the 'conduct' of an investigating officer need to be 'explained,' as in practically every case, the motive, intent, or state of mind of such an officer will not be 'matters concerning which the truth must be found' . . . It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something."

Applying the rule set forth in *Momon*, supra, to the facts of this case, it is clear that Gill's arrest of appellant, or the fact that appellant was arrested, were not matters concerning which the truth must be found; in short, appellant's arrest was not relevant to any issue in the trial. Accordingly, it was error to allow Gill's testimony as to what Mrs. Green said appellant had told her. *Momon, Teague*, supra. However, under the circumstances of this case, admission of such testimony was not reversible error. Appellant made a written confession to the robbery which was admitted into evidence, and Dennis Green testified for the State as to appellant's participation in the robbery. Additionally, a witness testified that appellant told him he had committed a robbery, and items taken in the robbery as well as the sawed-off shotgun used in the robbery were found in appellant's room. In light of the overwhelming evidence of appellant's guilt, it is highly probable that any erroneous admission of testimony did not contribute to the judgment in this case. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Teague*, supra.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 6, 1984.

*John E. Pirkle*, for appellant.

*Dupont K. Cheney*, District Attorney, *Douglas A. Datt, Claude M. Kicklighter, Jr.*, Assistant District Attorneys, for appellee.