## 69911. McCLOUD v. THE STATE.
### (331 SE2d 54)

SOGNIER, Judge.

McCloud appeals his conviction of armed robbery and escape from confinement.

1. Appellant contends it was error to fail to set aside the verdict and grant his motion for a new trial because he was denied his right to effective assistance of counsel. Appellant's primary argument is that his trial counsel did not adequately investigate the case prior to trial and did not familiarize himself with the facts and the law sufficiently to effectively represent appellant. He also contends trial counsel did not consult with appellant long enough to provide effective assistance to appellant at trial.

The transcript discloses that appellant conducted extensive and relevant cross-examination of State witnesses, moved for a mistrial on the ground that appellant's character was placed improperly in issue, made a motion for a directed verdict of acquittal, presented the testimony of appellant and made a closing argument in the case. At a hearing on appellant's motion for a new trial, extensive evidence was presented relating to actions taken prior to trial and during trial by appellant's trial counsel.

In a lengthy order denying appellant's motion for a new trial after the evidentiary hearing, the trial judge found that appellant's trial counsel "interviewed numerous witnesses including several crucial to the State's case. He consulted with the defendant's family and researched documents and materials presented to him by the State. Furthermore, he researched charges that could potentially be given to the jury and referred to criminal procedure hornbooks numerous times before and during trial." The trial judge also found that appellant refused to collaborate with his counsel before trial, and considering the minuscule help given him by appellant, his trial counsel's cross-examination was competent. These findings were supported

fully by the evidence at the hearing on appellant's motion for a new trial.

Although another lawyer may have conducted the defense in a different way, asked different questions, called different witnesses, or taken another course of action, the fact that appellant's trial counsel made decisions during trial with which appellant and his current counsel disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. *Harrell v. State*, 139 Ga. App. 556, 557 (2) (228 SE2d 723) (1976); *Lewis v. State*, 246 Ga. 101, 105 (3) (268 SE2d 915) (1980). Errors of judgment and tactical errors do not constitute the denial of effective assistance of counsel. *Bishop v. State*, 155 Ga. App. 611, 615-616 (2d) (271 SE2d 743) (1980). Applying these rules to the facts of the instant case, we find that appellant was not denied the effective assistance of counsel and it was not error to deny his motion for a new trial on this basis.

2. Appellant contends the trial court erred by failing to set aside the verdict and denying his motion for a mistrial after the State improperly placed appellant's character in issue.

A deputy sheriff testified for the State that he was familiar with persons being held in the Emanuel County jail in the summer of 1980. He was then asked if appellant was being held in that jail under a warrant (referring to an arrest warrant for armed robbery) during August 1980 and replied: "Mr. McCloud was being held the latter part of July, 1980 on a pickup order out of Florida [sic] where he escaped from prison." Appellant objected; although the court did not rule on the objection, it instructed the jury to disregard Williams' statement as it had nothing to do with the trial and had no relevance.

No objection was made to the curative instruction, but at the close of the State's case-in-chief, appellant moved for a mistrial on the ground that Williams' response and a similar response by the sheriff improperly placed appellant's character in issue. Since appellant made no objection to the trial court's corrective instructions, the motion for a mistrial came too late. *Jones v. State*, 160 Ga. App. 140, 141 (3) (286 SE2d 488) (1981). Even assuming appellant's motion for a mistrial was timely, the testimony objected to was not responsive to the State's question, and the trial judge instructed the jury to ignore it. Hence, we cannot hold that the court erred by denying appellant's motion for a mistrial. *Britten v. State*, 221 Ga. 97, 102 (5) (143 SE2d 176) (1965); *Johnson v. State*, 144 Ga. App. 695 (242 SE2d 348) (1978). As it was not error to deny the motion for a mistrial, it was not error to deny appellant's request in his motion for a new trial to set aside the verdict on this basis.

3. Appellant contends error by failing to set aside the verdict and grant appellant's motion for a new trial on the ground that the trial

court allowed the charges of armed robbery and escape to be tried together, resulting in a prejudicial trial and denial of appellant's right to due process of law. Appellant argues that the court, *sua sponte*, should have severed the charges. Appellant made no motion to sever the charges and we know of no requirement imposed on trial judges to sever charges *sua sponte*. Our Supreme Court has adopted the ABA Standards on Joinder of Offenses, *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975), pointing out that these Standards are to a large measure a definitive statement of Georgia law. In regard to severance of charges, those Standards provide that *upon application* of the prosecuting attorney or the defendant, the court should grant a severance of offenses whenever, if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence, or if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. Id. at 463.

However, pretermitting the question of whether a trial judge is required to act *sua sponte* in severing charges, the right to severance of offenses exists only where the offenses have been joined *solely* on the ground that they are of the same or similar character. *Phillips v. State*, 238 Ga. 616, 618 (5) (234 SE2d 527) (1977). We have held that a charge of escape is not of the same or similar character as a charge of armed robbery, and in a factual situation similar to that in the instant case, we held that evidence of appellant's prior commission of armed robbery was relevant to the issue of his lawful confinement at the time of his subsequent escape. *Carter v. State*, 155 Ga. App. 840, 842-843 (2) (273 SE2d 417) (1980). "Since evidence of the commission of the armed robberies . . . was relevant to the escape and evidence of the escape was relevant to the robberies . . ., the trial judge was justified in concluding that the interest of justice would not be served by ordering separate trials. [Cit.]" Id. at 843. Hence, it was not error to fail to sever the escape count from the armed robbery count.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 30, 1985.

*J. Craig Williams*, for appellant.

*Richard A. Malone, District Attorney, Donna O. Willis, Assistant District Attorney*, for appellee.