## 70969. PIERCE v. THE STATE.
(338 SE2d 40)

CARLEY, Judge.

Appellant appeals from his conviction of driving under the influence of alcohol and driving after having been declared an habitual violator.

1. Appellant enumerates the general grounds. There was ample evidence that appellant had been previously declared an habitual violator, that his license had been suspended, and that he had been properly served with an appropriate notification of that status. There was also sufficient evidence that appellant was intoxicated at the time of his arrest, which occurred immediately after a truck occupied by appellant and a woman left the roadway and careened down an embankment. Appellant admitted the foregoing facts. However, he contends that the woman was driving the vehicle. Both appellant and another witness testified that appellant was not driving.

A police officer testified that he noticed a truck proceeding erratically down the roadway at a high rate of speed. He followed the truck and saw it strike the curb and roll down an embankment. As soon as the vehicle came to a stop, the officer observed appellant alight from the driver's side. A woman remained inside the truck on the passenger's side. Appellant did not crawl over or go past the woman in order to get out of the truck from the driver's side. The officer, who began observing the vehicle before appellant had exited, testified that appellant had never been out of his view for any period of time, and that

appellant had left the vehicle from behind the steering wheel. This evidence was sufficient to enable a rational trior of fact to conclude beyond a reasonable doubt that appellant was the driver of the truck. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mathews v. State*, 176 Ga. App. 394 (336 SE2d 259) (1985). See also *Lewis v. State*, 149 Ga. App. 181 (1) (254 SE2d 142) (1979).

2. During cross-examination of the police officer, counsel for appellant elicited testimony that appellant's companion told the officer that she had been driving the truck. The officer explained that that statement was made at the behest of and in the presence of appellant. Thereafter, on redirect examination, the officer was permitted to testify over objection that the woman told him on two other occasions that appellant was the driver. Appellant was not present when these remarks were made, and he enumerates as error the admission of the officer's testimony as to those statements.

The State contends that the testimony in issue was admissible under the rule enunciated in *Mathis v. State*, 222 Ga. 351, 353 (2) (149 SE2d 812) (1966): "The defendant, having brought out the *same evidence* to which he . . . objected, cannot be heard to complain as to the State's introduction of *similar evidence*." (Emphasis supplied.) In the instant case, however, the challenged testimony was not the same as or similar to that which had been elicited by appellant's counsel. The State's evidence was contradictory to that presented by the defense. Moreover, the State's evidence was hearsay, whereas the defense's evidence of third-party statements made in appellant's presence was not. See *Henderson v. State*, 170 Ga. App. 482, 483 (317 SE2d 343) (1984). Even if, as the State contends, appellant "opened the door" to evidence concerning statements made by the woman, the challenged testimony was hearsay and was not shown to be admissible under any recognized exception to the hearsay rule. Accordingly, its admission was error. See generally *Glass v. State*, 171 Ga. App. 156 (319 SE2d 60) (1984); *Berry v. State*, 254 Ga. 101, 105 (2) (326 SE2d 748) (1985).

However, under the circumstances of this case, we find it highly probable that the erroneously admitted evidence did not contribute to the jury's verdict of guilt, and that the error was therefore harmless. The police officer explained that the woman's statement that she had been driving was made only as a result of cajoling on the part of appellant. He also testified unequivocally that appellant was the driver of the truck. "Inadmissible hearsay which is received over objection does not require a new trial if it appears that the evidence could not have affected the verdict because other evidence by a witness with immediate and personal knowledge is sufficient to establish the fact in question. [Cits.]" *Glass v. State*, 235 Ga. 17, 19 (2) (218 SE2d 776) (1975).

3. Appellant contends that his appointed counsel did not afford effective assistance because he did not subpoena the woman who was in the truck with appellant.

In light of the circumstances surrounding the woman's statements to the police officer, it is uncertain whether her testimony would have been helpful to appellant's case. The decision not to subpoena the woman was essentially a matter of trial strategy, and decisions of strategy and tactics are within the discretion of counsel. *Pilcher v. State*, 170 Ga. App. 869, 871 (4) (318 SE2d 640) (1984). "Although another lawyer may have conducted the defense in a different way, asked different questions, called different witnesses, or taken another course of action, the fact that appellant's trial counsel made decisions during trial with which appellant and his current counsel disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. [Cits.]" *McCloud v. State*, 174 Ga. App. 672, 673 (331 SE2d 54) (1985). Counsel's tactical decision in the instant case did not constitute a denial of effective assistance. See *Moore v. State*, 174 Ga. App. 460 (2) (330 SE2d 397) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1985.

*E. Graydon Shuford*, for appellant.

*Thomas C. Lawler III, District Attorney, Joan V. Bloom, Phil Wiley, Assistant District Attorneys*, for appellee.