71589. COCHRAN v. THE STATE.
71590. TOWNSEND v. THE STATE.
(339 SE2d 749)

BIRDSONG, Presiding Judge.

The appellants, Gary Cochran and James Townsend, appeal their conviction of arson in the first degree. Cochran and Townsend were domiciled in the Rome Diversion Center on August 5, 1984. The Diversion Center is a sentencing alternative following a criminal conviction when the judge does not desire to confine the convicted person in prison. Shortly after 11:00 a.m. on August 5, 1984, the duty officer at the Diversion Center heard an explosion which was followed by a fire alarm. The explosion and fire occurred on the second floor over the office area. The odor of gasoline was very strong in the area of the fire. There were approximately 17 or 18 residents in the center at that time. The battalion fire chief investigated the fire and because of the strong odor of gasoline, picked up some debris and placed it in two glass jars which were sent to the State Crime Lab for analysis. It was determined that the debris had been saturated by gasoline.

A police detective, Marshall Smith, investigated the incident and interviewed the residents then living at the Diversion Center. Each person was advised of his *Miranda* rights and waived the right to have counsel present. Cochran told Smith that he had seen Townsend, with a can of gasoline, go up to the second floor "to burn the building down." Smith then interviewed Townsend. After being advised of his *Miranda* rights and waiving his right to counsel, Townsend denied that he had anything to do with the fire. Cochran confronted him and repeated his statement that he had seen him go upstairs with the gas can. Townsend said: "That's right; I did that, but you throwed the match." Smith asked Cochran: "Is that right?" Cochran said: "Yes, that's right." Smith asked both Cochran and Townsend to go to different rooms and write out in long hand what they had done. Their written statements were introduced in evidence. Both defendants appeal their conviction. *Held*:

1. Each defendant contends the trial court erred in admitting his co-defendant's statement without excising his name before it was shown to the jury. Cited in support of their argument is *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) and OCGA §

24-3-52.

Under OCGA § 24-3-52, the confession of a joint offender, made after the enterprise is ended, is admissible only against the maker. A "*Bruton* error" arises in a joint trial by admission of a confession of a co-defendant implicating the defendant, where the co-defendant did not testify and the defendant maintained his innocence. Such error is usually avoided by masking or redacting the name of the defendant from the co-defendant's statement. *Way v. State*, 239 Ga. 316, 318 (236 SE2d 655).

The United States Supreme Court, in *Parker v. Randolph*, 442 U. S. 62 (99 SC 2132, 60 LE2d 713), found that it was not error to admit interlocking confessions of co-defendants if proper limiting instructions are given to the jury. In the instant case, in accordance with OCGA § 24-3-52, the trial court instructed the jury that they could consider the statement of each accused only against the person who made it. Our own Supreme Court, in *Bell v. State*, 239 Ga. 146, 149 (236 SE2d 47), followed the lead of *Schneble v. Florida*, 405 U. S. 427 (92 SC 1056, 31 LE2d 340), wherein they held that "[a]ny violation of *Bruton* that might have occurred was harmless beyond a reasonable doubt in view of the overwhelming evidence of [the defendant's] guilt as manifested by his confession, which completely comported with the objective evidence, and the comparatively insignificant effect of the co-defendant's admission." Here, the admission of the written interlocking confession of each accused, containing a reference to the acts of the other accused, had no significant impact because of that reference, since each accused had confessed to the commission of the crime in writing, and verbally confessed to a police officer. Another resident of the center testified that he had seen Townsend pour gasoline into a cigarette butt can and go upstairs. Shortly thereafter an explosion was heard, smoke came out of the office, and he went upstairs and saw Townsend and Cochran fighting the fire with fire extinguishers.

We should also note that *Bruton* applies only when a criminal defendant's Sixth Amendment right to confront witnesses against him is violated by admission in a joint trial of the co-defendant's confession implicating the defendant, when the co-defendant did not testify. *Ballard v. State*, 252 Ga. 53, 54 (311 SE2d 453). In the instant case, both defendants took the witness stand and were subjected to cross-examination. *Bruton* is inapposite. This enumeration is without merit.

2. The chain of custody of state exhibits 2 through 4 is enumerated as error. The battalion fire chief, after extinguishing the fire, detected the heavy odor of gasoline and placed debris from the site in two glass containers. He sealed the glass containers with tape and placed his initials on the tape. He turned those containers over to

Officer Smith to carry to the State Crime Lab. Ann Brierly, a clerk with the police department, received the sealed jars from Officer Smith and placed them in a large bag and stapled the bag shut. Ray Bradshaw was present when Officer Smith turned in the two jars to the police department evidence section. He took them to the State Crime Lab in Atlanta. Randy Rydell, a microanalyst for the Georgia Crime Lab, said an associate signed for the sealed evidence and he received the evidence in a sealed container which he had to open with a razor blade; the jars inside were sealed with tape and had not been opened. He tested the material for flammable liquid and obtained a sample which he placed in a test tube. It was marked State Exhibit 4. The fire chief who collected the samples and placed them in the jars, sealed them, initialed them, and carved a "1" and "2" on the lids with a knife to distinguish them. He identified his markings and his initials. The crime lab microanalyst also identified the exhibits.

Although the substance in the jars may have been of a fungible nature, the jars were identifiable by the carved numbers. Where the state seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to show the identity of the evidence. *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603). The state must show, with reasonable certainty that the evidence is the same as that seized and there has been no tampering or substitution. However, the state need not negative every possibility of tampering and need only establish reasonable assurance of the identity of the evidence. Where there is only a bare speculation of tampering, it is proper to admit the evidence and let whatever doubt exists to go to the weight accorded such evidence. Id.; *Toole v. State*, 146 Ga. App. 305 (10) (246 SE2d 338). The chain of custody was sufficiently established.

3. Appellant Cochran argues that his character was impermissibly placed in evidence by testimony of a state witness that he had been in jail with Cochran following this incident. We find no reversible error. First, the answer of the witness was not responsive to the question asked. See *Johnson v. State*, 144 Ga. App. 695 (242 SE2d 348). And, secondly, we have held in the past that evidence that a defendant: was seen in a police car (*McGaskey v. State*, 115 Ga. App. 627 (1) (155 SE2d 817)); his picture was picked out of a police album (*Martin v. State*, 225 Ga. 234 (167 SE2d 638)); from a mug shot (*Creamer v. State*, 229 Ga. 704 (2) (194 SE2d 73); *Moore v. State*, 146 Ga. App. 533 (2) (246 SE2d 740)); or that an officer "checked his record" and pulled his picture from "our files" (*Ogles v. State*, 238 Ga. 716 (235 SE2d 384)); or "had seen him in jail" (*Williams v. State*, 242 Ga. 757 (2) (251 SE2d 254)), fell short of placing the defendant's character in evidence.

*Judgments affirmed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 7, 1986.

*Harl C. Duffey III*, for appellant (case no. 71589).
*Robert J. Evans*, for appellant (case no. 71590).
*Stephen F. Lanier, District Attorney, H. Harold Chambers, Jr.,
Deborah D. Haygood, Assistant District Attorneys*, for appellee.