## 33981. MARTIN v. THE STATE.

MARSHALL, Justice.

The appellant was convicted in the Baldwin Superior Court of the murders of Charlotte Roberson and Gerald Martin and sentenced to two consecutive life sentences. His motion for a new trial was denied by the trial court. He

now appeals to this court, enumerating 17 alleged errors. We find that 16 of these enumerations of error are without merit, including the enumeration in which it is argued that the trial court erred in overruling the motion for new trial on the general grounds. However, we find that one of these enumerations of error has merit. We reverse because of it and remand the case for new trial.

In enumeration of error 8, the appellant argues that the trial court erred in overruling his motion for a mistrial due to an improper conversation taking place between a juror and a witness for the state.

During the course of the trial, the prosecution called to the trial court's attention the possibility that there might have been an improper communication between City of Milledgeville Patrolman Randall Pless, who was a witness for the state, and a juror. A hearing was held in the trial judge's chambers, with the defendant, his attorney, and the district attorney being present.

Randall Pless was questioned, and he stated that on the previous evening he had stopped to put gas in his car at a service station operated by one of the jurors, Mr. Branan. As Branan was putting oil in Pless' car, Pless stated that Branan asked him why they could not find fingerprints on the murder weapon, which was a knife. Pless stated that he responded to Branan that the handle of the knife was made of wood and that it is impossible to lift fingerprints off that type of wood. Pless maintained that the juror Branan had initiated the conversation.

Mr. Branan was then called into the trial judge's chambers. At first, he denied having a conversation with a witness on the previous evening. When pressed, he admitted that he and Patrolman Pless had engaged in a conversation the night before. Branan maintained that Pless had asked him how it was "going to come out." Branan stated that he told Pless that he, Branan, thought the defendant was going to get off. Branan stated that he then mentioned to Pless that the prosecution had not said anything about fingerprints being found on the knife. Branan maintained that Patrolman Pless had initiated the conversation.

The trial court overruled the defendant's motion for a mistrial, but the juror Branan was disqualified and

replaced with an alternate juror. (Later in the trial the prosecution recalled Detective James Josey of the City of Milledgeville Police to explain why fingerprints were not taken from the murder weapon.)

When a motion for mistrial is denied, the question presenting itself to the appellate court is whether the trial court manifestly abused its discretion in denying the motion. See, e.g., *Barrow v. State,* 235 Ga. 635 (8) (221 SE2d 416) (1975); *McCorquodale v. State,* 233 Ga. 369 (10) (211 SE2d 577) (1974); *James v. State,* 215 Ga. 213 (4) (109 SE2d 735) (1959).

There is general accord among the courts that an unauthorized contact or communication between a witness in a criminal trial and a juror does not vitiate an otherwise valid conviction unless the defendant was actually prejudiced. See 9 ALR3d 1275, Anno., "Prejudicial Effect, in Criminal Case, of Communications Between Witnesses and Jurors." Thus, it was held in *Smith v. State,* 218 Ga. 216 (126 SE2d 789) (1962) that an unauthorized contact between a juror in a criminal case, who became in need of medical attention after the court had recessed for the night, and the attending physician, who happened to be a witness in the case, provided no ground for reversing the conviction, since the juror and the witness engaged in no discussion whatever of the case. The cases in other jurisdictions are extremely divided on the question of whether the defendant or the state has the burden of showing either prejudice or a lack thereof. The cases are also divided on the question of the degree of prejudice which must be shown in order to provide grounds for a reversal. In Georgia, it has been held that where an irregularity in the conduct of the juror is shown, the presumption is that the defendant has been prejudiced and the burden is on the state to rebut that presumption. See *Smith v. State,* supra; *Daniel v. State,* 56 Ga. 653 (1876); *Monroe v. State,* 5 Ga. 85 (1848).

We hold that where a juror in the course of a criminal trial improperly communicates to a witness that the defendant is going to be acquitted unless the state shores up its case in a certain manner, and this information is relayed to the prosecution, the defendant has been denied his fundamental right to a fair trial. If a motion for

mistrial is made in a timely fashion, and the state does not somehow rebut the presumption of prejudice, a mistrial should be granted. "The granting or refusal to grant a mistrial has long been held to be largely in the discretion of the trial judge, but a mistrial should be granted when it is essential to preserve the right of fair trial. See *Queen v. State*, 131 Ga. App. 370, 372 (205 SE2d 921) (1974)." *Woods v. State*, 233 Ga. 495, 498 (212 SE2d 322) (1975). In the present case, the presumption of prejudice stands unrebutted. Accordingly, we conclude that the trial court abused its discretion in overruling the motion for mistrial.

The judgment is reversed, and the case is remanded to the trial court with the direction that the appellant be granted a new trial.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 12, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 19, 1978.

*Gilmore, Waddell & Phillips, Thomas J. Phillips, Jr.,* for appellant.

*Joseph Briley, District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson,* for appellee.