## 65847. DEXTER v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was convicted of the offense of burglary. After his motion for new trial was filed, heard and denied, he appeals. *Held:*

We are concerned here only with the sufficiency of the evidence to authorize the jury to return a verdict of guilty. According to the state's evidence the burglary occurred between 5:30 p.m., August 21,

1981, and 7:30 a.m., August 22, 1981, in which many items of jewelry were removed from a pawn shop. On the morning of August 22, 1981, defendant pawned a class ring identified as a ring stolen in the burglary. Defendant was apprehended and other items involved in the burglary were located at the home of a female who drove the motor vehicle which had provided transportation to the pawn shop and who consented to a search of her home, testifying that the items came from the defendant. The investigation had also centered on another person allegedly involved in the burglary who was arrested and made a voluntary statement (after his rights had been read to him) to the police implicating the defendant as a party to that burglary. However, when this witness was called by the state he testified that he committed the burglary alone and the defendant was not with him, admitting that he had told the investigating officer that it was defendant's idea to burglarize the store and that his statement to the investigator was entirely false.

First of all, recent unexplained possession or recent unsatisfactorily explained possession of stolen goods is sufficient to support the inference of guilt beyond a reasonable doubt. See *Evans v. State,* 156 Ga. App. 162 (275 SE2d 341). But in addition to this testimony under *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717), a prior inconsistent statement of a witness is admissible as substantive evidence. See *Green v. State,* 249 Ga. 369, 370 (2) (290 SE2d 466); *Conyers v. State,* 249 Ga. 438, 440 (2) (291 SE2d 709). Consequently, viewing the entire evidence here, a rational trier of fact could reasonably have found the essential elements of the crime of burglary beyond a reasonable doubt. See *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II-1) (243 SE2d 1). After careful review of the trial transcript and the record, we are convinced and so hold that a rational trier of fact (the jury in this case) could reasonably have found the defendant guilty beyond a reasonable doubt. See *Davis v. State,* 249 Ga. 309, 310 (290 SE2d 273); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1983.

*A. Frank Grimsley, Jr.,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.