### 67846. MAXWELL v. THE STATE.

BIRDSONG, Judge.

Darris Edward Maxwell was convicted of armed robbery and aggravated assault. He received concurrent sentences of 14 years for the robbery and five for the assault. He brings this appeal enumerating 11 alleged errors.

In July 1982, one Dailey was in Atlanta on a business trip and staying at a Days Inn Motel. While he was resting in his lodgings, two black males came to the door of his room seeking the location of an ice machine. Dailey offered the men the ice out of his room refrigerator. About an hour later the same two men came back to his door and entered without invitation. One of the men (Burrell) pulled a revolver and the other (Maxwell) pulled a knife. They demanded and received

Dailey's wallet and money, his watch and jewelry and unsuccessfully sought to remove a gold necklace. When they tried to force Dailey into the bathroom, Dailey bolted for the front door at which time Burrell discharged the pistol at Dailey four times, with one of the bullets striking Dailey in the neck. Burrell was apprehended at the scene of the robbery and identified by Dailey as the one who pulled and used the gun. Burrell was arrested and taken to the police station where he gave several conflicting statements. In the first he denied being present. In the next, he admitted being present at the Days Inn but all he saw was two men running from the area, one of whom had a gun and resembled a man Burrell had known years before. Eventually Burrell admitted that this person seemed to be Maxwell. Burrell then admitted that he had been present and had used a gun but would not identify the other person. He then admitted that he had been present with Maxwell in the room and had shot Dailey when Dailey attempted to run.

At a separate trial, Burrell was tried for the robbery and assault. At his own trial he denied making any statements to the police and his complicity. The officers then testified as to his conflicting statements, and Burrell was convicted. Immediately before Burrell's trial, Dailey was shown a pictorial lineup including a picture of Maxwell. Dailey identified Maxwell as the one who had been present with the knife. When pressed at Maxwell's trial upon cross-examination at a preliminary hearing (relative to the admissibility of the pictorial and subsequent in-court identification), Dailey conceded that he was not 100% certain, particularly in a life and death setting, but was in fact satisfied that Maxwell was the second person in the room. Dailey testified that he identified Maxwell based upon his recollection from the incident and not because of any physical differences in the make up of the several pictures.

At Maxwell's trial, Dailey was called as a witness by the State and identified both Burrell and Maxwell as the two robbers.

The State called Burrell who denied complicity or making inculpatory statements concerning either himself or Maxwell. Over objection, the State called two police officers who related the substance of all five of Burrell's out-of-court statements.

Appellant himself testified that he had not seen Burrell in several years, had never been in Georgia or Atlanta and denied ever having seen the victim Dailey. *Held*:

1. In the first enumeration of error considered, Maxwell complained the trial court erred in allowing the two police officers to relate Burrell's inconsistent statement as substantive evidence of Maxwell's guilt. Maxwell contends the State knew the testimony of Burrell would be inconsistent and therefore Burrell was called for the sole purpose of eliciting the highly incriminating and hearsay testi-

mony of the police officers. Maxwell further complains that the State's tactic limited the right to cross-examine Burrell for either Burrell would have to confess guilt and admit perjury at his own trial or make an inconsistent statement.

In fact, the transcript shows that the State was not sure how Burrell would testify. The State offered the witness to get "at the truth" with the intention of calling impeaching witnesses if Burrell made statements inconsistent with his admissions to the police officers.

We find no merit in this contention by Maxwell. A prior material, inconsistent statement of a witness (accused, accomplice, or third party) is admissible as substantive evidence as well as evidence of a nature to impeach. *Gibbons v. State*, 248 Ga. 858, 862-864 (286 SE2d 717). See also *McConnell v. State*, 166 Ga. App. 530 (304 SE2d 733); *Dexter v. State*, 166 Ga. App. 226 (303 SE2d 765); *Walker v. State*, 162 Ga. App. 173 (290 SE2d 502). This is true even where the State is aware of the probable inconsistency. *Burney v. State*, 252 Ga. 25 (310 SE2d 899).

2. Appellant enumerates as error in enumerations 3, 8, 9, and 10 individual portions of the charge of the court. We are not persuaded by these contentions.

(a) There was no error in the failure to charge on the weight to be afforded the testimony of an accomplice. The appellant did not request such a charge, nor except to the failure to give such a charge sua sponte. See *Broadnax v. State*, 161 Ga. App. 42 (289 SE2d 7). Moreover, the guilt of the appellant was not based solely upon the accomplice's testimony, further obviating the need for such a charge. *McDaniel v. State*, 158 Ga. App. 320 (279 SE2d 762).

(b) The court did not err in its charge to disregard the self-serving statement by Maxwell that he had requested a polygraph. The State had refused to enter into a stipulation and thus the results of such a test would have been inadmissible. The trial court only removed from the jury that which was otherwise inadmissible. Its charge was a correct statement of law and was adjusted to the matter before the jury. See *State v. Chambers*, 240 Ga. 76 (239 SE2d 324); *Benson v. State*, 150 Ga. App. 569, 570 (258 SE2d 156).

(c) Appellant concedes the charge on the weight to be afforded expert testimony as a correct statement of law. Contrary to appellant's contention, we do not find the charge repetitive nor unfairly focused. The charge was appropriate to the testimony of the expert and was followed by the charge that the language of the court must not be considered in any way an expression of opinion by the court. See *Brown v. State*, 142 Ga. App. 247, 248 (235 SE2d 671).

(d) We likewise find no error in the court's omission of a charge on impeachment. Substantively, appellant sought to show through his

cross-examination of Burrell that Burrell had not seen Maxwell for years because Burrell had been in prison. No effort was made to show Burrell's lack of veracity because he had been convicted of a felony. Procedurally, Maxwell did not request a charge on impeachment based upon prior felonious convictions. In the absence of a timely written request to charge on impeachment, the failure to do so is not error. *Bonaparte v. State*, 223 Ga. 648 (157 SE2d 272); *Butts v. Davis*, 126 Ga. App. 311, 317 (190 SE2d 595).

3. In enumerations 4, 5 and 6, appellant complains that the photographic lineup was unduly suggestive and thus the in-court identification was contaminated. Additionally, the in-court identification is called into question because Dailey was impeached as to the certainty of his identification of Maxwell and because Maxwell was improperly curtailed in cross-examination of Dailey as to the certainty of his identification.

We find no merit in any of these arguments. Dailey testified that he was not 100% certain as there is always room for error, but he was sure enough not to have any real doubt that Maxwell was the second man in the room. He testified that this recollection came from his traumatic exposure to Maxwell and Burrell for a matter of several minutes in a well-lighted room at a time when neither robber made any effort to conceal identity. Lastly, Dailey testified he did not notice nor was he influenced by any difference in the composition of the several pictures (though there were differences) but made his identification from the facial features and size of the person portrayed.

There is no persuasive evidence to support Maxwell's contention that the pictorial identification was tainted with the likelihood of irreparable misidentification. The weight rather than the admissibility properly was left to the jury. See *Payne v. State*, 233 Ga. 294 (210 SE2d 775); *Cheeves v. State*, 157 Ga. App. 566 (278 SE2d 148).

Likewise, we find no abuse of discretion in the limitation by the trial court of renewed examination of the victim concerning his degree of certainty of identification. The area was covered generally by counsel for the defense when Dailey was first cross-examined. Counsel was not fully satisfied with the treatment of the issue and specifically asked the trial court to allow him to recall the witness for the limited purpose of asking the last four questions previously asked at the preliminary hearing. The trial court partially acceded to this request requiring only that the witness be called as a defense witness, and limited re-examination to the four questions, inasmuch as the issue was of a repetitive nature. In fact, counsel propounded 15 questions, thus the re-examination was hardly restrained. But more importantly, counsel never posed an objection to the procedure nor moved for less restricted examination.

The transcript clearly demonstrates that the defense concurred

in the trial court's ruling on this issue. Appellant's failure to object to the court's ruling and limitation acts as a waiver of any possible error. *Smith v. State*, 142 Ga. App. 406, 407 (236 SE2d 107). "A party cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict, and complain later." *Scott v. State*, 243 Ga. 233, 234 (253 SE2d 698). Matters not objected to at trial cannot be raised for the first time on appeal. *Mallory v. State*, 230 Ga. 657 (198 SE2d 677).

4. Appellant makes a contention marked more by its novelty than by its merit. A fingerprint expert concluded that no prints found at the scene or related areas matched a known print of .Maxwell. The State apparently had no interest in such testimony. Although the facts were made known to the defense, the State did not call the witness. Appellant now argues that because the State did not call the witness, the defense was required to do so in order to get the favorable testimony before the jury. By calling the witness (i.e., presenting testimony), the defense was forced to forego its right to open and close the arguments. Appellant now argues the failure of the State to call the witness procured for the State a tactical advantage to the prejudice of the defense. The decision to call the witness was the voluntary tactical decision of the defense. By doing so, Maxwell lost his right to open and conclude closing argument. *Scott v. State*, supra, p. 234.

5. Maxwell determined after the verdict that at least three members of the jury had visited the scene of the robbery during the progress of the trial. An affidavit procured from the foreman of the jury after trial but before the ruling on a motion for new trial affirmed that at least three members of the jury had been to the motel and that some discussion had occurred during deliberations. However, there is no indication as to the nature of the evidence gathered, what was discussed, or that the verdict was influenced by this misconduct.

In *Watkins v. State*, 237 Ga. 678 (229 SE2d 465), the Supreme Court condemned the intentional gathering of extra-judicial evidence, highly prejudicial to the accused, by members of the jury and communication of that information to other jurors in the closed jury room. The facts in this case do not fall within that proscription inasmuch as there is no showing what the nature of the evidence gathered might have been nor that the information discussed was highly prejudicial. See *Chadwick v. State*, 164 Ga. App. 102, 103 (296 SE2d 398). Thus there is no showing of evidence of such egregious a nature that the prohibition against the impugning of a jury's verdict must be violated to preclude a miscarriage of justice. See *Williams v. State*, 252 Ga. 7 (310 SE2d 528). Under the facts of this case, we will apply the general rule that affidavits impeaching the jury's verdict will not be accepted or permitted. *Moore v. State*, 138 Ga. App. 902, 903 (7) (227 SE2d

809). We find no error in the denial of the motion for new trial upon this ground.

6. In the last (his first) enumeration of error, appellant simply submitted that any prejudice found in any of the other contentions advanced would require reversal of this conviction. Inasmuch as we have found no other meritorious enumeration, likewise, we find none in this one.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 5, 1984 —
REHEARING DENIED MAY 7, 1984 —

*Deborah A. White*, for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney*, for appellee.

