## 42835. LAMONS v. THE STATE.
### (340 SE2d 183)

CLARKE, Justice.

We granted certiorari in this case to determine whether the juror misconduct warranted the grant of a mistrial or new trial. The Court of Appeals held it did not. *Lamons v. State,* 176 Ga. App. 290 (335 SE2d 652) (1985). We reverse.

Lamons was convicted of selling pills containing amitriptyline and ephedrine at his home to undercover police detective T. M. Clark. The trial began on the afternoon of October 8, 1984, and concluded with a verdict at 1:30 p.m., October 9. Clark was the state's witness to the transaction and remained in the courtroom to assist the prosecutor during the trial. After the close of the evidence, the state informed the court that Clark had telephone contact the night before with a woman he believed to be on the jury. A conference was held in chambers and the juror was identified and questioned along with Clark.

The jurors had been instructed not to talk to witnesses, and the officer stated that the caller would not identify herself except to say she learned about him in court. The juror had called the officer to turn in her ex-boyfriend for transacting business in illegal drugs. The juror stated she went ahead and called Clark because she felt she

could talk to him; she indicated she had reported this same person to the authorities on previous occasions.

The juror and witness talked on the phone for approximately twenty minutes. Each stated there was no discussion of the case on trial but the witness would not divulge the substance of the conversation because of the confidential relationship he had developed with her as an informant. When asked by the court if she could still be fair and impartial she stated that while she could not be impartial with her ex-boyfriend, she could with the defendant on trial because "I don't know this guy or his extent or degree of salesmanship or whatever."

After the questioning in chambers was concluded, defense counsel moved for a mistrial based upon the misconduct of the juror which was overruled. The juror continued to serve and after conviction, a motion for new trial on the same ground was also denied. In our view a new trial is required.

It has long been recognized by the courts of this state that the guarantee of a fair and impartial jury is a central safeguard to a fair trial in our system of criminal justice. *Monroe v. State*, 5 Ga. 85 (1848). There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred. *Martin v. State*, 242 Ga. 699 (251 SE2d 240) (1978). We have also recognized that some irregularities are inconsequential. *Smith v. State*, 218 Ga. 216 (126 SE2d 789) (1962).

We do not agree with the state that this case is similar to the facts in *Hardy v. State*, 242 Ga. 702 (251 SE2d 289) (1978), where this court upheld the trial court's conclusion of no harm when a juror was seen laughing and talking at lunch with a witness for the state. Each of those present at lunch testified that the case had not been discussed.

In the present case the parties to the misconduct were not in public and subject to being observed by others. Additionally, officer Clark was not merely a witness, but was the chief prosecuting witness, a party to the pill sales, and assisted and sat with the prosecuting counsel during trial. The officer stated he had developed a confidential relationship with the juror and could not reveal the facts of their conversation. This was not a casual conversation but a discussion of drug sales, the same issues involved in the trial.

There are certain irregularities "which if done by an individual member of the jury, or by the whole jury, are so contrary to the public policy of the State in the procurement of fair and impartial trials for the citizens of the State, as to require that a verdict rendered by such jury be set aside, whether the defendant has been injured thereby or not." *Shaw v. State*, 83 Ga. 92, 99 (9 SE 768) (1889). In *Shaw*, the

court reversed a murder conviction because the jury had attended a church service conducted by the counsel for the state. Although the case on trial was not discussed and each juror swore under oath that the outside contact did not influence their verdict, the case held a new trial was mandated. The court noted that even though unintended, the prosecutor could have been enhanced in some way in the eyes of the jury.

Similarly in the case before us the chief prosecuting officer developed a unique relationship with a juror. The position taken at trial was that the details of their talk could not be disclosed based upon confidentiality; it is possible that future contact was expected by each party. The juror stated that she felt like she had finally met someone in authority who would help her. In these circumstances, a conclusive statement by the juror that she was not influenced is insufficient to prove lack of harm. *Shaw*, supra. The state did not meet its burden of showing no harm to the defendant; the state in fact stood by the position that the conversation was confidential. Furthermore, defense counsel was placed in an adversarial position with a juror who had not yet rendered a verdict in the case.

While the officer and the juror may well have acted with the best intentions, it is our judgment that the circumstances of this case necessitate a new trial.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED MARCH 11, 1986.

*Edward C. Stone*, for appellant.
*Debra H. Bernes, Assistant District Attorney*, for appellee.