## 73194. MILLSAPS v. THE STATE.
### (351 SE2d 81)

BANKE, Chief Judge.

The appellant was convicted of child molestation, statutory rape, and rape. On appeal, he contends that he was prejudiced during the course of the jury's deliberations by the act of one of the jurors in reading to the other jurors from the judge's charge book.

The trial was held in a double-wide mobile home furnished for that purpose due to repairs which were being made to the roof of the county courthouse. Following the close of the evidence, argument of counsel, and charge of court, the jurors were left alone in the courtroom to deliberate, while the judge, counsel, and other personnel waited elsewhere.

After deliberating for a period of time, the jurors requested a recharge on the definition of rape and statutory rape, "particularly as it applies to the area of penetration." After the judge had re-instructed the jurors as requested and they had again been left to resume their deliberations, one of them went to the bench and read aloud from the judge's charge book, which had been left there. This fact did not come to light until after the jury returned its verdict, when it was revealed by the bailiff, who, having heard what sounded to him like one of the jurors reading from a book, had walked into the courtroom to investigate and observed the juror in the act. Thus, the appellant's first opportunity to raise an objection to the irregularity was on motion for new trial.

At the hearing on the motion for new trial, the juror in question testified that the charge book had been opened to the page containing the charge on penetration and that she had read only the language of that charge as it appeared on that page. She identified the langauge as being identical to that appearing at paragraph 13 (b) of page 156 of the Suggested Pattern Jury Instructions for Criminal Cases prepared by the Council of Superior Court Judges of Georgia (1984 ed.). It appears from the trial transcript that this was precisely the charge the trial court had just employed in recharging the jury on the issue of penetration.

The foreman of the jury also testified at the hearing on the motion for new trial, stating that although he remembered seeing the juror in question walk over to the bench and look at a book, he did not remember hearing her read anything aloud from it. Eight of the remaining jurors signed affidavits stating that they had no recollec-

tion of any juror reading from the charge book, while two of the jurors signed affidavits stating that, although they did recall the juror in question reading aloud from the charge book, the law read by her was the same as that which had just been recharged to them by the judge. *Held*:

Generally speaking, where an irregularity in the conduct of a juror is shown, the presumption is that the defendant has been prejudiced, and the burden is on the state to rebut that presumption. *Martin v. State*, 242 Ga. 699, 701 (251 SE2d 240) (1978). Clearly, the state has met the burden in the present case. As in *Llewellyn v. State*, 241 Ga. 192 (2) (243 SE2d 853) (1978), the matter to which the jurors were exposed was shown to have been nothing more than a correct statement of law which was already properly before them. Accord *Columbus v. State*, 151 Ga. App. 862 (3) (261 SE2d 771) (1979). Indeed, the same effect could have been accomplished by their taking notes during the recharge. The appellant's reliance on *Moore v. State*, 172 Ga. App. 844 (324 SE2d 760) (1984), is clearly misplaced, as the matter to which the jurors were exposed in that case was not merely a restatement of a correct legal principle which had previously been charged by the court but was instead a potentially misleading and prejudicial discussion contained in a *Reader's Digest* publication entitled "You and the Law."

While juror misconduct is never to be treated lightly, we observe that the errant juror in this case was not disobeying any instruction from the court but was engaging in what must certainly have seemed to her to be totally innocent behavior. As we can conceive of no prejudice which might have resulted to the appellant under the circumstances, we hold that the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Sognier, J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED OCTOBER 8, 1986.

*Hylton B. Dupree, Jr., A. Gregory Poole*, for appellant.
*Rafe Banks III, District Attorney, Garry T. Moss, Assistant District Attorney*, for appellee.