*Edward W. McCrimmon*, for appellee.

## 75160. MOORE v. THE STATE.
### (362 SE2d 76)

DEEN, Presiding Judge.

The appellant, Warneater Moore, along with a co-defendant Rufus Sapp, were each indicted for the offenses of possession of a controlled substance with the intent to distribute and possession of less than one ounce of marijuana. The appellant was tried separately and found guilty by a jury on both counts. She brings this appeal following the denial of her motion for a new trial.

1. In her first enumeration of error, Moore contends that a mistrial should have been granted on the grounds that one juror tainted the jury panel in the deliberation process.

Juror Brisbane had deliberated in the jury room with the panel for approximately two hours after the case was sent to the jury. She came back the next morning and deliberated for an additional two hours before disclosing to the court that during the course of the trial she recognized the co-defendant Sapp, and that her strong feelings against him made it impossible for her to impartially consider the appellant's case. This was communicated to the judge in a note: "I'm one of the jurors who know Bousie Sapp with hate in my heart because of personal reasons. I know what kind of guy this is. I know Mr. Sapp is not on trial but my personal feelings will not let me vote fair. I didn't know him by Rufus Sapp but when I found out it was Bousie Sapp I told the deputy when it was 13 people but it nothing he could do."

The court did not question juror Brisbane nor the panel after receipt of this note. It is unknown if this juror biased the panel by conveying any of her ill feelings to them. Therefore, a danger exists as to whether juror Brisbane served as an unsworn witness as to the defendant's character and, thus, prejudicing the panel. "There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown, and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986); *Martin v. State*, 242 Ga. 699 (251 SE2d 240) (1978); *Millsaps v. State*, 180 Ga. App. 509 (351 SE2d 81) (1986). The trial court erred in not investigating and, therefore, in failing to prove that no harm resulted from juror Brisbane's presence during four (of the seven) hours of deliberation.

2. As this case must be remanded for retrial, it is not necessary to consider appellant's remaining enumeration of error. Any allega-

tion of error pertaining to the use of the alternate juror will not recur upon retrial of the case.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 28, 1987 —
REHEARING DENIED OCTOBER 15, 1987 — 

*William F. Braziel, Jr.,* for appellant.

*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney,* for appellee.