## A90A0931. EVANS v. THE STATE.
(395 SE2d 342)

BANKE, Presiding Judge.

On appeal from her conviction of selling cocaine, the appellant contends that the trial court erred in failing to declare a mistrial on the ground that the conduct of a juror tainted the jury panel during their deliberations.

After the jury had retired for deliberations, the foreman submitted a note to the court, stating as follows: "We have a juror that knows the defendant well enough to influence her decision. We (all jurors) request [the] presence of [an] alternate juror." The trial court thereupon instructed the jury to cease deliberations and summoned the foreman to the courtroom, where he (the foreman) stated that the juror's knowledge of the defendant was interfering with her ability to arrive at a verdict. The juror in question was then brought into the courtroom and asked whether she concurred in the request to be relieved. She responded in the affirmative, whereupon the court asked her whether she had "tried to use this knowledge [of the defendant] to influence the other jurors in any way?" She responded that she had not, and was thereupon excused. The jury was then dismissed for the day and the following day resumed its deliberations with an alternate juror in her place. During voir dire, the original juror had acknowledged that she knew the defendant very well but had stated that she nevertheless believed she could be impartial. *Held*:

"There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on

the prosecution to prove beyond a reasonable doubt that no harm has occurred. [Cit.]" *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986). Although the trial judge questioned the juror in this case regarding whether she had "tried to influence" the other jurors, he did not question the other jurors to determine whether they had nevertheless been affected by anything she might have told them about the appellant or about her feelings towards him. We are thus constrained to hold that the record fails to establish beyond a reasonable doubt that no harm occurred. Accord *Moore v. State*, 184 Ga. App. 524 (1) (362 SE2d 76) (1987). Compare *Motes v. State*, 192 Ga. App. 302 (384 SE2d 463) (1989).

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 12, 1990.

*Diane M. Zimmerman*, for appellant.

*Edward D. Lukemire, District Attorney, Robert E. Turner, Assistant District Attorney*, for appellee.