## S90G0716. LOCKRIDGE v. THE STATE.
### (397 SE2d 695)

HUNT, Justice.

The central issue in this granted certiorari is whether the miscon-

---

duct of a bailiff and juror requires a new trial notwithstanding the trial court's finding the defendant was not harmed. In *Lockridge v. State*, 194 Ga. App. 487 (390 SE2d 853) (1990), the Court of Appeals affirmed the trial court's conclusion that the prosecution carried its burden of showing that the defendant was not harmed by the bailiff's improper remark.

After the jury had been chosen, the trial court admonished the jurors not to discuss the case with anyone and to report any violations of that admonishment to the court. A deputy sheriff was then assigned to take one of the jurors to her home to prepare for sequestration at a nearby hotel. The juror testified at the hearing on the motion for new trial that she told the deputy:

> . . . since the case hadn't started and I didn't know anybody in the case nor anything about it, it seemed like I could spend the night at home. He said, "Well, I do. He's guilty. He murdered that man."

The juror did not report this conversation to the court until after the trial.

> It has long been recognized by the courts of this state that the guarantee of a fair and impartial jury is a central safeguard to a fair trial in our system of criminal justice. *Monroe v. State*, 5 Ga. 85 (1848). There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred. *Martin v. State*, 242 Ga. 699 (251 SE2d 240) (1978). We have also recognized that some irregularities are inconsequential. *Smith v. State*, 218 Ga. 216 (126 SE2d 789) (1962). . . . [However], [t]here are certain irregularities "which if done by an individual member of the jury, or by the whole jury, are so contrary to the public policy of the State in the procurement of fair and impartial trials for the citizens of the State, as to require that a verdict rendered by such jury be set aside, whether the defendant has been injured thereby or not." *Shaw v. State*, 83 Ga. 92, 99 (9 SE 768) (1889).

*Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986).

While the trial court's determination of this issue is entitled to great deference,

> [a]fter mature consideration, . . . we think the misconduct of [the] bailiff and jur[or] was . . . such a gross violation of all

order, decorum and decency in the trial of a case of [murder], that the verdict should be set aside. . . .

*Shaw v. State,* supra at pp. 101-102. The judgment of the Court of Appeals affirming the trial court is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 15, 1990.

*Cook & Palmour, Bobby Lee Cook, W. Benjamin Ballenger,* for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney,* for appellee.

