S90A1661. ZELLNER v. THE STATE.

(399 SE2d 206)

WELTNER, Justice.

Torrance Zellner shot and killed Daisy Kimble with a handgun. He was convicted by a jury of malice murder and sentenced to life

imprisonment.[1]

Zellner purchased crack cocaine from a third party upon Kimble's assurance that the "crack" was good. Zellner considered that the substance was inadequate, and demanded that Kimble return his money. Upon her refusal, he shot her fatally, and then fled.

1. (a) Zellner contends that the trial court erred in not giving his requested charge on malice. He claims that the charge as given was burden-shifting, authorizing the jury to convict him of murder if they found an absence of provocation, or by virtue of the homicide alone.

(b) In *Jones v. State*, 258 Ga. 249 (5) (368 SE2d 313) (1988), we held:

> The defendant neither objected to the charge given, nor reserved his right to object to the charge, and has therefore waived any right to assert the charge as error on appeal. [Cit.]

Additionally, the charge was not burden-shifting. *Baisden v. State*, 258 Ga. 425 (2) (369 SE2d 762) (1988). Along with the charge complained of, the trial court adequately instructed the jury concerning the state's burden of proof; the presumption of innocence; and the definition and application of the doctrine of reasonable doubt. This enumeration is without merit.

2. (a) The trial court inadvertently omitted a charge on alibi, then called the jury back into the courtroom. At that time, the court stated that an additional brief charge would take just a moment, and then charged the jury on alibi, as the jury stood before the jury box. Zellner contends that the manner of delivery of this charge communicated to the jury that it was not worthy of their attention, and that the failure to instruct the jury to consider the defendant's evidence as well as that of the state restricted the jury to a consideration of the state's evidence only.

(b) This enumeration is not preserved for review. Nevertheless, Zellner does not quarrel with the content of the alibi charge as a correct statement of the law. OCGA § 16-3-40; *Felker v. State*, 252 Ga. 351 (3) (314 SE2d 621) (1984). Although the trial court's somewhat summary means of delivering this charge is not approved, we hold that it does not constitute reversible error.

3. (a) Zellner contends that a state witness was allowed to refer to

---

[1] The homicide occurred on October 12, 1989, and Zellner was indicted for murder on January 23, 1990. He was found guilty of malice murder on April 27, 1990, and was sentenced the same date. His motion for new trial was filed on May 24, 1990, and denied on August 1, 1990. A notice of appeal was filed on August 24, 1990. The appeal was docketed on September 21, 1990, and submitted without oral argument on November 2, 1990.

his previous criminal history by reference to an arrest record, and that this impermissibly injected his character into the evidence.

(b) In *Brooks v. State*, 183 Ga. 466, 469 (188 SE 711) (1936), it was held:

> Even where there is a basis for review, it does not follow that a reversal should result. . . . In no case will the trial judge's ruling be reversed for not going further than requested.

After his objection, Zellner neither moved for a mistrial nor requested curative instructions. Additionally, the witness here said nothing further about the contents of the records or any previous convictions or arrests. In *Johnson v. State*, 256 Ga. 604 (2) (351 SE2d 623) (1987), this court noted:

> This court has previously held that a passing reference to a defendant's record does not place his character in evidence. *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977). See also *Cochran v. State*, 177 Ga. App. 471 (3) (339 SE2d 749) (1986); *Bell v. State*, 162 Ga. App. 527 (1) (292 SE2d 114) (1982).

There was no reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1991.

*A. Nevell Owens, Donna Lea Avans, Kenneth D. Kondritzer*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree*, for appellee.