## A91A0727. ALEXANDER v. THE STATE.
### (408 SE2d 485)

BIRDSONG, Presiding Judge.

Eddie Lewis Alexander was convicted of one count of aggravated assault with intent to rob and two counts of armed robbery. He appeals the judgment of conviction and sentence. *Held:*

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). In this light, review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts the judgment should be reversed because of improper jury conduct. On the second day of trial, a juror brought a map to court, a "Gosh Check Chart Georgia Road Map." The bailiff took the map from the juror in the hallway before the jurors entered the jury room. Thereafter, the jurors requested a Georgia map; appellant's counsel objected and the trial court denied the request of the jury. Several minutes later, appellant's counsel made a specific objection to the juror's improper conduct by "bringing a map that's not in evidence."

At no point during trial did appellant's counsel make a motion for mistrial, request any form of curative instruction to the effect that information from the map would not be discussed or considered during jury deliberation, or request that an inquiry be made of the jurors regarding whether they had seen or discussed the contents of the map. The record also reflects appellant made no assertion at trial that the map was outdated, materially inaccurate, or contained information substantially different from that found in standard road maps.

This is not a case where jurors visited the crime scene (see, e.g., *Maxwell v. State*, 170 Ga. App. 831 (5) (318 SE2d 650)), nor a case where the record discloses one juror has sought affirmatively to sway

other jurors by relating personal observations (*Bobo v. State*, 254 Ga. 146 (1) (327 SE2d 208)). In fact, this is not a case where a juror physically introduced a map into the jury room to aid the jury to evaluate certain testimony (*People v. Martinez*, 147 Cal. Rep. 208 (CA 5th Dist. Calif.) (failure of judge to voir dire jury about use of maps not fatal)).

Assuming arguendo appellant made a timely objection on the grounds of juror misconduct (but compare *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314)), and that the facts before us normally would trigger a presumption of prejudice (*Lockridge v. State*, 260 Ga. 528, 529 (397 SE2d 695)), rather than involving inconsequential irregularities by merely providing an "irregularity without opportunity for injury" by possession of a Georgia map not admitted at trial (*Smith v. State*, 218 Ga. 216, 223 (2 (c) (3)) (126 SE2d 789)), it remains to be determined whether in the case at bar reversal is mandated. We conclude it is not. For reasons hereinafter discussed this case is distinguishable from *Evans v. State*, 196 Ga. App. 1 (395 SE2d 342).

Although at trial appellant indicated his approval for the jury to view the map, nevertheless, his counsel maintained an objection to the juror's possession of the map. The relief appellant now seeks on appeal in regard to this enumerated error is tantamount to the relief he could have received from the trial court by entering a timely motion for mistrial. It is well established that in no case will a trial judge's ruling be reversed for not going further than requested. *Zellner v. State*, 260 Ga. 749, 750 (3b) (399 SE2d 206) (no motion for mistrial made or curative instruction requested following objection); see *Cooper v. State*, 260 Ga. 549, 550, n. 2 (397 SE2d 705). We find this rule dispositive of the issue before us. Moreover, examining the record in its entirety, we conclude appellant's counsel elected not to tender a mistrial motion or to seek clarification of the true magnitude of the jurors' conduct in an attempt to gain the strategic benefit of allowing the case to go to the jury where an acquittal might be obtained and yet, by means of a belated bare objection, preserving an error which would give rise to a presumption of prejudice and anticipated automatic case reversal. Appellant's counsel, by his own trial strategy and in the face of appellant's express desire on the record to let the map to to the jury, has directly aided in formulation of the posture of this appellate record. One cannot complain of a judgment, order, ruling, or result he has procured or aided in causing by his own trial strategy, trial tactics, or conduct. *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251). Accordingly, case reversal is not an appropriate remedy, and no requirement exists to remand this case for further inquiry (compare *Slaughter v. State*, 199 Ga. App. 695 (405 SE2d 897) (1991) (physical precedent only)).

*Judgment affirmed. Cooper, J., concurs. Pope, J., concurs spe-*

*cially.*

Pope, Judge, concurring specially.

I concur in the majority's decision to affirm the denial of defendant's motion for retrial, but not for the reasons, as given in the majority opinion, that defendant failed to tender a motion for mistrial or failed to show the juror's conduct was prejudicial.

It is true that defendant's attorney did not move for mistrial. He did, however, object to the juror's "bringing a map that's not in evidence . . . to the jury room. . . ." After the verdict was returned, defendant filed a motion for new trial, based in part on the alleged improper conduct of the juror. If the record had shown the irregularity in conduct of which the defendant complained, then I believe the defendant's objection would have properly preserved his right to appeal from the trial court's denial of his motion for new trial. "There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." *Lockridge v. State*, 260 Ga. 528, 529 (397 SE2d 695) (1990) (quoting *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986)).

If the defendant had, indeed, raised an issue of improper conduct, then the burden was not on defendant to show prejudice, but was upon the prosecution to rebut the presumption of prejudice. Here, however, the objection was to the juror's bringing the map into the jury room. The record reflects the juror did not bring the map into the jury room but that it was taken from the juror by the bailiff before the jury retired to the jury room. Defendant did not raise an objection to the juror's possession of the map or referral to the map, which is not shown by the record, anyway. The record thus shows no irregularity from which a presumption of prejudice would be based.

Decided July 11, 1991.

*Hillman J. Toombs*, for appellant.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney*, for appellee.