A92A1327. HAND v. THE STATE.
(422 SE2d 316)

BIRDSONG, Presiding Judge.

Michael Hand appeals his judgment of conviction of two counts of aggravated assault, one count of possession of a firearm by a convicted felon, and the sentence. He enumerates as error jury misconduct and inadequacy of his defense counsel at trial. *Held*:

1. Appellant argues that a juror's misconduct requires the granting of the motion for new trial. He asserts that, during the trial, a juror engaged in misconduct by having an unauthorized communication with appellant's wife in which the juror inquired whether the shooting was the result of a drug transaction gone bad, and the juror told her not to worry because it should be self-defense. Appellant's wife testified at the motion for new trial hearing that she reported this conversation to her husband and informed him that she "wasn't going to testify." Her husband's counsel never contacted her about the incident. Trial defense counsel admitted that appellant had informed him of the incident, that the incident was discussed between them, and that appellant was informed the matter could be brought to the trial court's attention, but stated he did not want to bring the issue to the court's attention as the juror was his friend. Thus, a trial decision was made in which appellant participated not to seek a challenge of the juror.

The trial judge stated he does not believe the testimony of defendant's wife about the juror misconduct to be true. As no evidence

of jury misconduct was introduced "other than the untrue testimony of the defendant's wife," the trial judge found, "therefore, there is no believable evidence of juror misconduct," and the court thus "finds that no juror misconduct took place." In addition to the trial court's personal observation of the witness' demeanor on the stand, the witness' status as spouse of appellant, and the witness' current incarceration for a conviction of DUI, we cannot conclude there exists inadequate evidence of record to support the trial court's findings regarding the lack of credibility of the witness and the lack of weight attributed to her testimony. There having been no incident of juror misconduct, the trial court did not err in denying the motion for new trial based on this particular ground.

Assuming arguendo, the incident had occurred as asserted by appellant, we nonetheless would find that appellant cannot claim the existence of reversible error on appeal. This case is factually distinguishable from *Lockridge v. State,* 260 Ga. 528 (397 SE2d 695) and *Evans v. State,* 196 Ga. App. 1 (395 SE2d 342). In this case, the evidence is uncontested that the incident of alleged juror misconduct, whether untrue or true, was reported to trial defense counsel by appellant during trial, that counsel and appellant discussed the matter, that appellant desired not to raise the issue with the trial court or attempt to have the juror challenged, and that a trial decision was thus made, clearly as part of the defense's trial tactics, not to raise the matter with the court during trial. "In order for the misconduct of a juror during the trial of a criminal case in which he is engaged to be cause for a new trial, it must affirmatively appear that the accused and his counsel did not know of the misconduct until after the verdict." *Josey v. State,* 148 Ga. 468 (1) (96 SE 1041), and cases cited therein; accord *Brooks v. Camak,* 130 Ga. 213, 217 (3) (60 SE 456). "[T]he defendant must bring the misconduct of the jury to the knowledge of the court, if known; and if not brought when known, it will be held in contemplation of the law to have been waived. This ground of the motion [for new trial] . . . should have been brought at once to the attention of the court. [Appellant] cannot remain silent and take the chances of an acquittal for his client, and upon failure, make it a good ground for a new trial." *Lyman v. State,* 69 Ga. 404, 407 (4); accord *Kirk v. State,* 73 Ga. 620 (3); *Salter v. Glenn, Duffield & Co.,* 42 Ga. 64, 82 (2) (judgment affirmed even though it was expressly observed that the misconduct in the case, although explained, was still uncertain as to its effect upon the finding); compare *Roberson v. State,* 15 Ga. App. 545, 551 (3) (83 SE 877) (observing that, absent a showing the prevailing party or some party directly interested was a party to the irregularity, waiver will apply not only where misconduct or irregularity was known to movant, but also where it did not affirmatively appear from the record that the misconduct or

irregularity was unknown); see also *Thacker v. State*, 226 Ga. 170, 181 (173 SE2d 186), citing *Lyman*, supra. Appellant, knowing of the alleged juror misconduct during trial and by his trial tactic of electing not to report the matter promptly to the trial court, has waived this issue on appeal.

2. Appellant asserts inadequacy of his trial defense counsel. Except for certain circumstances not here applicable, a claim of inadequacy of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) must meet a two-part test. See generally *Wilson v. State*, 199 Ga. App. 900 (406 SE2d 293). First, the defendant must show that counsel's performance was deficient. *Strickland*, supra at 687. Secondly, prejudice must be established by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Appellant does not assert that his trial defense counsel's failure to report the jury misconduct during trial was deficient professional conduct on his part. Accordingly, this issue has been abandoned. Court of Appeals Rule 15 (c) (2). Finally, any such decision was the product of a conscious and deliberate trial decision. See *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205). And, " '[t]he mere fact that appellate counsel would have tried the case differently does not show ineffectiveness. (Cit.) Errors of judgment and *trial tactical errors* do not constitute ineffectiveness.' " (Emphasis supplied.) *Ranalli v. State*, 197 Ga. App. 360, 365 (5) (398 SE2d 420); see also *Williams v. State*, 202 Ga. App. 494, 495 (1) (414 SE2d 716) (even if trial tactics are flawed, it is not sufficient to establish ineffectiveness).

We further find that it was not deficient professional conduct to not visit the crime scene and attempt to videotape a re-enactment of the incident. Without deciding when if ever a counsel must visit the crime scene or attempt to re-enact an incident, we note that in this case trial defense counsel was quite familiar with the area where the incident occurred. Moreover, there has been no showing that a re-enactment of the alleged incident at a later date would have even been admissible at trial.

We also find that there exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel. Each case must be judged upon its own circumstances and in light of its own degree of complexity.

However, pretermitting the issue of whether any of the allegations of inadequate counsel did in fact constitute deficient professional conduct within the meaning of *Strickland*, supra, is the issue of whether appellant has established by a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. We conclude, both in view of the over-

whelming evidence establishing appellant's guilt beyond a reasonable doubt and, independently, based on the affirmative evidence of record relevant to alleged claim of inadequacy of counsel, that no reasonable probability exists that the result of the proceedings would have been different within the meaning of the second prong of the *Strickland* test. Review of the transcript of the motion for new trial hearing reveals that this case is factually distinguishable from *Cochran v. State*, 262 Ga. 106 (2) (414 SE2d 211). This case does not involve a "total failure of trial preparation" such as condemned in *Cochran*, supra, and *Ross v. Kemp*, 260 Ga. 312 (393 SE2d 244).

Finally, we conclude that, " ' " '[a] trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. (Cit.) The trial court's finding in the instant case is not clearly erroneous. . . .' " ' " *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178); accord *Whitner v. State*, 202 Ga. App. 608, 609 (415 SE2d 52).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 11, 1992.

*Gary P. Bunch*, for appellant.
*Peter J. Skandalakis, District Attorney*, for appellee.