A89A1291. HOOD v. THE STATE.
(384 SE2d 242)

McMURRAY, Presiding Judge.

Defendant Hood appeals his conviction of the offenses of unauthorized possession of a weapon by an inmate (OCGA § 42-5-63) and terroristic threats. *Held*:

1. Defendant's first enumeration of error raises the sufficiency of the evidence. The State's evidence shows that on July 24, 1988, defendant Hood was an inmate at the Lee County Correctional Institution. Defendant was one of three inmates confined in individual holding cells used to control problem inmates. These three inmates had been creating a disturbance, throwing items ranging from clothing to human excrement into the hallway outside their cells and flooding the area by causing the commodes in the cells to overflow. When the warden and correctional officers entered the area to curtail the disturbance they found defendant holding a toothbrush, the handle of which had been sharpened into a point. When defendant realized that the warden and correctional officers were going to enter his cell he began to rake the toothbrush on a metal mesh to remove the sharpened end from it. When the warden demanded that defendant surrender the weapon, defendant threatened the life of the warden and his family. The warden withdrew and later returned to subdue defendant through the use of mace. Defendant had stated to the warden, "I know where your . . . family lives, I will be there when I get out . . . I'll take care of you and your family . . . I'll put your eyes out, cut your throat . . . ," and defendant also advanced on the warden with his improvised weapon each time the warden would start to enter the cell. Defendant was eventually disarmed by correctional officers.

Reviewing the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of unauthorized possession of a weapon by an inmate and terroristic threats. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

LE2d 560); *Massengale v. State*, 189 Ga. App. 877, 879 (1) (377 SE2d 882).

2. In his second enumeration of error, defendant "points out that OCGA § 5-5-21 authorizes a trial court to grant a new trial where the verdict may be against the weight of the evidence. 'This, however, must be addressed to the trial judge . . . The law gives to him alone the authority to grant a new trial for such a reason. This court has no such power.' *Josey v. State*, 197 Ga. 82, 93 (28 SE2d 290) (1943)." *Wright v. State*, 173 Ga. App. 408 (326 SE2d 584).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 5, 1989.

*Mark G. Pitts*, for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.