## A91A0564. McBRIDE v. THE STATE.
(405 SE2d 345)

POPE, Judge.
Defendant Stephen Lewis McBride was indicted and convicted of five counts of first degree forgery. Each count of the indictment charged defendant with "unlawfully and knowingly, with intent to defraud, [possessing and uttering] a certain check and writing signed in the fictitious name of Angela Shaw . . . ." Each of the checks was issued on a commercial account in the name of Biltmore Atlanta and the checks were imprinted with a telephone number which was the same as that of the Atlanta Biltmore Hotel and with an address confusingly similar to the hotel's. Each indicated on its face that it was a payroll check.

The evidence presented at trial showed that the Atlanta Biltmore Hotel was no longer operational and had no checking account and no employees by the name of Stephen McBride or Angela Shaw. Defendant testified that the account on which the checks were drawn was the business account for a business he ran known as Biltmore Atlanta Catering Service which operated in a building next to the former hotel. Angela Shaw is defendant's former wife and an employee of defendant's catering business. Defendant testified he authorized her to write the checks in question and admitted he knew they were bad checks and the account contained insufficient funds to cover them.

Defendant moved for directed verdict on the ground that the State failed to prove the offenses charged in the indictment, but the motion was denied. After his conviction defendant moved for new

trial on the general grounds, including the ground that the evidence was insufficient to support the verdict. The motion was denied and defendant appeals.

1. In his first enumeration of error defendant asserts the trial court erred in denying the motion for new trial on the ground that the verdict is decidedly and strongly against the weight of the evidence. Numerous cases have held that the trial court alone has the authority to grant a new trial because the verdict is against the weight of the evidence. See, e.g., *Josey v. State*, 197 Ga. 82 (28 SE2d 290) (1943); *Hood v. State*, 192 Ga. App. 150 (2) (384 SE2d 242) (1989). "An appellate court considers only the sufficiency and not the weight of the evidence." *Young v. State*, 243 Ga. 546, 547 (1) (255 SE2d 20) (1979). Where *no* evidence is presented from which a rational trier of fact could find the defendant guilty of the offense as charged, however, the issue of the weight of the evidence becomes an issue of the sufficiency of the evidence. Here, no evidence sufficient to support a guilty verdict was presented for the trial court to weigh against exculpatory evidence. Consequently, we must, in fairness, treat this enumeration as one raising the sufficiency of the evidence to support the verdict, which is an issue on which the appellate court can rule.

By statutory definition, forgery in the first degree can be committed in either of three ways: By knowingly and with intent to defraud uttering a writing (1) in a fictitious name; or (2) in such a manner that the writing purports to have been made by another person, at another time, with different provisions; or (3) in such a manner that the writing purports to have been made by the authority of one who did not give such authority. OCGA § 16-9-1 (a). While the facts adduced at trial show a jury might have been authorized to find defendant guilty of forgery under the second or third manner for committing the crime, as set forth in the statute, defendant was charged by indictment only for issuing checks "signed in the fictitious name of Angela Shaw . . . ." The evidence showed Angela Shaw was not a fictitious person, and we reject the State's argument that Angela Shaw was a "fictitious" person for purposes of writing the check since she was not authorized to write checks for the Atlanta Biltmore Hotel. No evidence was presented that the check was written on a hotel account. The only evidence concerning the identity of the account on which the check was written showed the check was written on the account of Angela Shaw's employer. The only issue is whether the averment concerning Angela Shaw was an unnecessary averment which did not need to be proved in order to obtain a conviction.

"[N]o averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. If evidence

can be offered in support of the allegation, the allegation can not be rejected as surplusage." *Henderson v. State*, 113 Ga. 1148, 1149 (39 SE 446) (1901). Here, the averment that the checks in question were signed by a fictitious person is most definitely a necessary element of the offense charged in the indictment. " 'If the indictment sets out the offense as done in a particular way, the proof must show it, or there will be a variance.' " *Fulford v. State*, 50 Ga. 591, 593 (1874). Accord *Walker v. State*, 146 Ga. App. 237 (1b) (246 SE2d 206) (1978). In this case, although other allegations against the defendant could have been charged in additional indictments, the only allegations actually set forth in the indictments stated that he uttered writings signed in a fictitious name. The proof did not correspond to these allegations. Consequently, the evidence was insufficient to support the convictions because a rational trier of fact could not have found beyond a reasonable doubt that defendant was guilty of the crimes as charged in the indictment.

2. Because of our holding in Division 1, we need not address defendant's remaining enumeration of error.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 8, 1991.

*Andrei G. Howze*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Constance C. Russell, Richard E. Hicks, Assistant District Attorneys*, for appellee.