A91A1594. SMITH v. THE STATE.
(415 SE2d 481)

ANDREWS, Judge.

After being indicted for conspiracy to sell and distribute cocaine in violation of the Georgia Controlled Substances Act (OCGA § 16-13-30), Smith was convicted by a jury of conspiracy to unlawfully sell a

non-controlled substance in violation of OCGA § 16-13-30.1. Smith claims his conviction cannot stand because he was not charged with a violation of OCGA § 16-13-30.1 in the indictment, nor was it a lesser included offense of the offense charged in the indictment.

Viewing the evidence in a light most favorable to the conviction (*Gurlaskie v. State*, 196 Ga. App. 794-795 (397 SE2d 66) (1990)), evidence showed that Ward met with Smith and arranged to buy cocaine. Smith and Bell delivered a bag to Ward containing a white powdery substance which Ward believed to be cocaine, but which Smith and Bell knew to be lidocaine. Lidocaine is not a controlled substance as defined in the Georgia Controlled Substances Act, though it is listed as a dangerous drug under the Dangerous Drug Act. OCGA § 16-13-70 et seq. The state crime lab report, which was returned prior to Smith's indictment, showed the substance to be lidocaine. Although Smith testified that he never agreed to sell cocaine to Ward, evidence showed that Ward gave money to Smith for the purchase of cocaine; that Smith contacted Bell about the purchase; and, that Smith and Bell delivered the lidocaine to Ward.

The trial judge charged the jury with respect to conspiracy to sell or distribute cocaine as charged in the indictment. The court then charged the jury OCGA § 16-13-30.1 relating to the unlawful sale or distribution of a non-controlled substance with the express or implied representation that the substance is a controlled substance, adding that if the jury did not find Smith guilty of the indicted offense "then you may consider whether or not he committed the lesser included offense of conspiracy to unlawfully sell a non-controlled substance." The jury returned a verdict of "guilty of conspiracy unlawfully to sell a non-controlled substance."

"It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." (Punctuation and citations omitted.) *Evans v. State*, 252 Ga. 312, 320-321 (314 SE2d 421) (1984). Here the offense for which Smith was convicted was not included in the indicted offense, nor was it otherwise embraced within the language of the indictment. A conviction for conspiracy to sell or distribute cocaine requires different proof than the offense of unlawfully selling a non-controlled substance while representing it to be a controlled substance. See *Tabb v. State*, 250 Ga. 317, 318-320 (297 SE2d 227) (1982) (separate charges brought against defendant for possession of different Schedule II controlled substances were not offenses included within each other under OCGA §

16-1-6).

The trial court's instructions on the unlawful sale of a non-controlled substance allowed the jury to convict Smith of a crime materially different from that charged in the indictment. Although giving instructions with respect to uncharged offenses may not always be reversible error where the trial court also gives a limiting instruction that correctly confines the jury to consideration of the offense as charged in the indictment, there was no limiting instruction given in this case, and the verdict form confirms that the jury did in fact convict Smith of the uncharged crime. *Walker v. State*, 146 Ga. App. 237, 244-246 (246 SE2d 206) (1978).

The state contends that since Smith presented evidence at trial that the substance passed off to the buyer was lidocaine, he was not surprised or harmed by any variance between the indicted offense and the proof which supported his conviction. In *De Palma v. State*, 225 Ga. 465, 469-470 (169 SE2d 801) (1969), the court adopted the rule that a variance between the allegations and proof is fatal to a conviction when it deprives the accused of " 'obvious requirements (1) that [he] shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' " (Citations omitted.) As we noted in *Nesmith v. State*, 183 Ga. App. 529, 530-531 (359 SE2d 421) (1987), the *De Palma* decision did not alter the longstanding rule reiterated in *Walker*, supra at 241-242, that while it is not necessary to prove allegations in an indictment that are immaterial or surplusage, the state must prove all material allegations in an indictment which describe the offense or the particular manner in which the offense was committed. Since the jury instruction given by the trial judge resulted in Smith's conviction on a charge not brought in the indictment, this is the type of fatal variance found in *Walker*, supra, and the conviction must be reversed.

We need not address the remaining enumerations of error.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 3, 1992.

*John W. Sherrod*, for appellant.

*William A. Foster III, District Attorney, Donald N. Wilson, George C. Turner, Jr., Assistant District Attorneys*, for appellee.