## A93A1109. TIBBS v. THE STATE.
(438 SE2d 706)

SMITH, Judge.

David Eugene Tibbs was convicted of violation of the Georgia Controlled Substances Act, OCGA §§ 16-13-30 and 16-13-33, and obstruction of an officer, OCGA § 16-10-24 (a). He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. Tibbs enumerates as error the failure of the trial court to direct a verdict of acquittal on Count 1 of the indictment. He bases this contention on the variance between the offense charged in the indictment and that actually proved at trial. The indictment alleged obtaining or attempting to obtain dangerous drugs by fraud, forgery, or concealment of material fact under OCGA § 16-13-78, a misdemeanor. "Dangerous drugs" are defined in OCGA § 16-13-71, and controlled substances are specifically excluded. See OCGA § 16-13-71 (a). However, the two drugs described in the indictment as "dangerous drugs" were "Halcion" and "Lortab," which a pharmacist testified were triazolam and hydrocodone, both controlled substances under Schedule IV and Schedule III, respectively. See OCGA §§ 16-13-28 (a) (32); 16-13-27 (4) (C), (D). The drugs in question were not "dangerous drugs" as described in the body of the indictment but rather "controlled substances," the purchase or attempted purchase of which are felony offenses under statutes other than that stated in the indictment. OCGA §§ 16-13-30; 16-13-33.

During the charge conference, the trial court pointed out that the evidence had established the drugs in question as controlled sub-

stances rather than dangerous drugs. Tibbs moved for a directed verdict of acquittal, which the court denied on the basis that the term "dangerous drugs" in the indictment was mere surplusage. The trial court determined that it would not instruct the jury on the misdemeanor offense of OCGA § 16-13-78 but on "the Controlled Substance Act, because it's clearly not a dangerous drug." The jury was charged on Count 1 of the indictment that "it is unlawful for any person to acquire possession of a controlled substance by deception." The trial court further instructed the jury that hydrocodone and triazolam are controlled substances. The jury returned a verdict of "guilty as charged on both counts of indictment," the judgment on the verdict was altered to indicate a conviction on a felony charge, and Tibbs was sentenced as for a felony.

The indictment as alleged fails to state any crime and is therefore subject to demurrer. See *State v. Shepherd Constr. Co.*, 248 Ga. 1, 3 (I) (b) (281 SE2d 151) (1981). However, an exception going to the form of the indictment must be made before trial, OCGA § 17-7-113, and Tibbs failed to do so. "A motion for a directed verdict of acquittal is not the proper way to contest the sufficiency of an indictment. A motion for a directed verdict of acquittal under [OCGA § 17-9-1] addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment. [Cit.]" *Williams v. State*, 162 Ga. App. 350, 351 (291 SE2d 425) (1982).

However, the evidence at trial nevertheless must be sufficient to allow a rational factfinder to conclude that the defendant is guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find this standard was not satisfied with respect to Count 1 of the indictment.

In *Smith v. State*, 202 Ga. App. 664, 666 (415 SE2d 481) (1992), the appellant was indicted for conspiracy to sell and distribute cocaine in violation of OCGA § 16-13-30. The evidence showed that the appellant in fact sold a witness lidocaine, a dangerous drug under OCGA § 16-13-70. The trial court charged the jury on OCGA § 16-13-30 but additionally charged on the unlawful sale or distribution of a non-controlled substance represented to be a controlled substance, OCGA § 16-13-30.1. The jury returned a verdict of "guilty of conspiracy to unlawfully sell a non-controlled substance." This court reversed, holding that the appellant was convicted of a crime materially different from that charged in the indictment. 202 Ga. App. at 666. "[W]hile it is not necessary to prove allegations in an indictment that are immaterial or surplusage, the state must prove all material allegations in an indictment which describes the offense or the particular manner in which the offense was committed." Id.

From the evidence presented at trial, a rational factfinder could not conclude that Tibbs was guilty beyond a reasonable doubt of the

offense charged in the indictment, because he was convicted of a different offense which was not charged. The trial court therefore erred in failing to direct a verdict of acquittal as to Count 1 of the indictment. OCGA § 17-9-1.

2. We need not address Tibbs's remaining enumerations of error with regard to Count 1 of the indictment.

3. Tibbs also enumerates as error the trial court's failure to properly charge the jury with regard to Count 2, but we likewise do not reach this issue. The trial court inquired if Tibbs had any exceptions to the charge as given, and Tibbs's counsel responded, "No, sir." This enumeration of error therefore was explicitly waived. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). Accordingly, the verdict of guilty on Count 2 of the indictment must stand.

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Cooper, J., concur.*

DECIDED DECEMBER 3, 1993.

*Michael J. Davis, Jr.*, for appellant.
*Garry T. Moss, District Attorney, Alice R. Teal, Assistant District Attorney*, for appellee.