A97A1320. HILL v. THE STATE.
(492 SE2d 5)

JOHNSON, Judge.

A jury found Edgar Hill guilty of armed robbery and kidnapping. He appeals from the convictions entered on the verdict and the denial of his motion for new trial.

Viewed in the light most favorable to the verdict, the evidence shows that Hill and two or three other men approached Latrina James as she walked toward her apartment with her two children and younger brother. Hill pointed a gun at them and told James to open her door and go inside. Once inside, Hill ordered James to lie on the floor and asked her if she had any money. When she responded that her money was in her purse, Hill took the purse. He then searched her bedroom while another man held a gun to her head. James' next-door neighbor had called police when she saw James confronted outside of her apartment. Police officers arrived in time for one of them to see Hill running out of the back of the apartment holding a plastic bag and a purse. The officer ordered Hill to stop, but he kept running until other officers tackled him in the street. The plastic bag contained over $1,100 in cash.

1. Hill contends his trial counsel was ineffective because she failed to discuss with him the possibility of submitting the lesser included offense of robbery by intimidation to the jury. See OCGA §§ 16-8-40 (a); 16-8-41 (a). Hill claims that the jury could have found from the evidence that he committed the lesser included offense since police did not see him carrying a gun or recover a gun when he was captured. Hill's trial counsel did not testify at the hearing on the motion for new trial.

Although it is critically important for defense counsel in a jury trial to consult fully with the defendant before deciding whether to request a charge on lesser included offenses, counsel's failure to so consult does not necessarily constitute ineffective assistance. *Van Alstine v. State,* 263 Ga. 1, 4 (426 SE2d 360) (1993). Rather, we must consider the effect of counsel's failure to discuss the matter with the

defendant. Id.

Robbery by intimidation occurs when a person, with intent to commit theft, takes property of another from the person or in the person's immediate presence by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury. See OCGA § 16-8-40 (a) (2). Armed robbery occurs when a person, with intent to commit theft, takes property of another from the person or in the person's immediate presence by use of an offensive weapon; robbery by intimidation is a lesser included offense of armed robbery. See OCGA § 16-8-41 (a).

We fail to see how counsel's failure to discuss the lesser included offense of robbery by intimidation had any effect on the outcome of the trial. Although robbery by intimidation is a lesser included offense of armed robbery, it is not error in an armed robbery case to fail to charge on robbery by intimidation where there is evidence of robbery by use of an offensive weapon, but no evidence of robbery by intimidation. *Welborn v. State*, 236 Ga. 319, 320 (2) (223 SE2d 698) (1976). The record in this case contains no evidence of robbery by intimidation. Each witness to the encounter, other than Hill, testified that the assailant (or assailants) pointed a gun (or guns) at James or a member of her family. The fact that no gun was seen or recovered by police is not evidence authorizing a charge on a lesser included offense. See *Coker v. State*, 207 Ga. App. 482, 484 (4) (428 SE2d 578) (1993). The state's evidence would require a verdict of guilty of armed robbery.

Hill's testimony, if believed, would not support a conviction of robbery by intimidation but would require an acquittal. This is because Hill maintained that James willingly gave him the plastic bag. Hill testified that two weeks earlier he paid James and her boyfriend $700 in advance for cocaine, but they had not delivered the drugs as promised. He visited James to ask her either to give him the drugs or return his money. Hill testified that he was not angry, that he talked to James in a civil manner and told her he was not there to argue or fight, just to get his drugs or money. He said James unlocked her door, went in the kitchen, pulled out a plastic bag, and handed it to him. Hill denied robbing or using any force against James. Thus, there was no evidence that Hill, intending to commit theft, threatened, coerced, or placed James in immediate fear of serious bodily injury.

Because there was no evidence presented which would establish robbery by intimidation, it was not error to fail to charge on this lesser included offense. See generally *Thomas v. State*, 226 Ga. App. 441, 444 (8) (487 SE2d 75) (1997); *Teague v. State*, 169 Ga. App. 285, 287 (3) (312 SE2d 818) (1983). Accordingly, counsel was not ineffective in failing to request such a charge. See generally *Leggett v. State*,

241 Ga. 237, 239 (244 SE2d 847) (1978). It also follows that Hill suffered no adverse consequences as a result of his attorney's failure to discuss with him the possibility of requesting a charge on robbery by intimidation.

We point out that the decision of whether to seek the submission of a lesser included offense "is often based on legal complexities only the most sophisticated client could comprehend, not unlike the tactical decisions involved regarding the assertion of technical defenses. [Cit.]" *Van Alstine*, supra at 3. Tactical decisions do not equate with ineffective assistance of counsel. *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995). Hill has failed to overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. See *Green v. State*, 218 Ga. App. 648, 651 (3) (b) (463 SE2d 133) (1995).

2. Hill argues the trial court broadened the indictment by instructing the jury that armed robbery is committed through the use of "an offensive weapon" when the indictment specifically charged him with using "a pistol, an offensive weapon."

"It is error to charge the jury that a crime may be committed by alternative methods, when the indictment charges it was committed by one specific method. If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective because of a fatal variance between the proof at trial and the indictment returned by the grand jury." (Citations and punctuation omitted.) *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992). There is no reasonable possibility that the jury convicted Hill for committing an armed robbery by use of an offensive weapon other than a pistol. The victim, her neighbor, and her brother all testified that they saw a gun. There was no testimony that any other type of weapon was used to commit the armed robbery. Under these circumstances, there was no fatal variance, and any possible error resulting from the trial court's use of the term, "an offensive weapon," rather than "a pistol" is harmless. See generally *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987). Moreover, the trial court sent the indictment out with the jury so they could read the specific charges themselves. There was no reversible error. See *Abreu v. State*, 206 Ga. App. 361, 362 (1) (425 SE2d 331) (1992).

3. Hill asserts on appeal that he was denied a separate determination of guilt on each count in the indictment because the trial court charged the jury that it would be authorized to return a guilty verdict if it found Hill guilty of either of the crimes. At trial, however, when the court asked Hill's attorney if she had any exception to the charge, counsel responded, "I do not, your honor." Therefore, this enumeration was waived. See *Tibbs v. State*, 211 Ga. App. 250, 252 (3)

(438 SE2d 706) (1993). In any event, we have considered the court's instructions as a whole and find no error. See generally *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177) (1987).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 19, 1997 —
RECONSIDERATION DENIED SEPTEMBER 4, 1997.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr.,* District Attorney, *Charles E. Rooks, Juliette O. W. Scales,* Assistant District Attorneys, for appellee.