A00A0169. JONES v. THE STATE.
(531 SE2d 755)

JOHNSON, Chief Judge.

After a jury trial, Ossawa Emo Jones was convicted of aggravated assault, criminal damage to property, and possession of a firearm during the commission of a crime. He moved for a new trial contending, among other things, that he was denied his right to be tried by a legal and impartial jury because one of the persons who served on the jury in his case, William Patterson, Sr., had not been summoned for jury duty. According to Jones' brief, a different, younger William Patterson had been summoned, but the elder Patterson reported for duty. Jones claims that the irregularity was discovered after the jury returned its verdict and was dismissed. Without stating its reasons for doing so, the trial court denied Jones' motion for new trial. On appeal, Jones argues that the trial court erred in deny-

ing his motion for new trial when he was tried by an illegally constituted jury.

As Jones points out in his brief, the guarantee of a fair and impartial jury is a central safeguard to a fair trial in our system of criminal justice. *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986). There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown. Id. The burden, though, is on the appellant to show by the record an irregularity in the juror's conduct. *McIntyre v. State*, 207 Ga. App. 129, 130 (3) (427 SE2d 99) (1993); see *Davitt v. State*, 232 Ga. App. 427, 428-429 (3) (502 SE2d 300) (1998).

In this case, there is nothing in the record showing that any unauthorized persons served on the jury. Although Jones states in his brief that one of the jurors who served on the jury did not receive a summons, his statement has no support in the record. It is well settled that this court will not consider factual representations made in a brief which are not supported by the record. See *Pruitt v. Tyler*, 181 Ga. App. 174, 175-176 (1) (351 SE2d 539) (1986). Jones has not met his burden of proving error by the record. See *Davitt*, supra.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 17, 2000 —
RECONSIDERATION DENIED APRIL 11, 2000 — 

*Jerry M. Daniel,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

