Decided January 3, 2003.

*Jacqueline K. Taylor*, for appellant.
*Paul B. Kemeness*, for appellee.

## A02A1863. WALKER v. THE STATE.
(576 SE2d 62)

Mikell, Judge.

Clifford Junior Walker III was convicted of four counts of the sale of cocaine, OCGA § 16-13-30 (b). The court sentenced him to 12 years confinement and 18 years probation. After the denial of his motion for new trial, Walker filed the present appeal, arguing that the trial court improperly expressed an opinion by referring to him as an inmate and that he was denied the effective assistance of counsel. We disagree and affirm the conviction.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). So viewed, the record shows that while acting undercover, Deputy Anthony Lewis of the Richmond County Sheriff's Department purchased crack cocaine from Walker on four occasions. Deputy Lewis testified that on December 11, 1998, he purchased $40 worth of crack cocaine from a man known as "Zooloo," who was subsequently identified as Walker. According to Deputy Lewis, he again bought crack cocaine from Walker on December 14. The deputy testified that when he asked from whom he should buy drugs if Walker was not available, Walker pointed out two other men, one of whom was his co-defendant, James Smiley. Deputy Lewis made a third purchase on December 17, 1998. He testified that on that occasion, Smiley approached him. The deputy told Smiley that he wanted to purchase $60 worth of crack cocaine, and Smiley walked to the porch of a nearby house, where he conferred with Walker. Smiley returned with three pieces of crack cocaine that he sold to Deputy Lewis. Following the December 17 transaction, Deputy Lewis identified Walker's picture from a photographic lineup. He made a fourth purchase on December 18. The deputy testified that he asked Smiley for $100 worth of crack cocaine; that Smiley had a brief conversation with Walker on the nearby porch; and that Smiley returned with the drugs.

The transactions on December 14, 17, and 18, 1998, were videotaped by the authorities. A tape containing all three recordings was admitted into evidence at trial. During its cross-examination of Walker, the state asked whether he watched the videotape when it was played for the jury, and Walker answered that he did not.

Defense counsel objected to the question and stated that Walker had not been permitted to move to a place in the courtroom where he could view the tape. The court explained that "sometimes we don't like the inmate, I mean, the Defendants to move around the courtroom that much."

1. Walker contends that the court erroneously expressed an opinion of his guilt by referring to him as an inmate. OCGA § 17-8-57 provides that it is error for a judge to "express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." Contrary to Walker's argument, we conclude that the judge's statement did not constitute a violation of the statute. Unlike the judge in *Paul v. State*, 272 Ga. 845, 846 (1) (537 SE2d 58) (2000), who "intimated his opinion as to the credibility of witnesses and the guilt of the defendant," the trial judge in this case did not comment on the evidence or the guilt of the defendant. Instead, in response to Walker's objection, the judge briefly explained that he restricted defendants' movement around the courtroom during trial. It is well settled that "[r]emarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (Citations and punctuation omitted.) *Johnson v. State*, 234 Ga. App. 58, 59 (1) (506 SE2d 212) (1998). See also *Cammon v. State*, 269 Ga. 470, 475 (9) (500 SE2d 329) (1998); *Waldrip v. State*, 267 Ga. 739, 751 (20) (482 SE2d 299) (1997); *Dickerson v. State*, 241 Ga. App. 593, 595-596 (3) (526 SE2d 443) (1999). There is no indication in the record that the court expressed an opinion as to the guilt of the defendant.

Furthermore, Walker's reliance on *Estelle v. Williams*, 425 U. S. 501 (96 SC 1691, 48 LE2d 126) (1976), reh. den., 426 U. S. 954 (96 SC 3182, 49 LE2d 1194) (1976), is misplaced. In that case, the U. S. Supreme Court recognized that "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes." *Estelle v. Williams*, supra at 512 (3). The Court reasoned that "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment," and that the clothing would likely be a "continuing influence throughout the trial." Id. at 504-505 (1). Walker suggests that the judge's single reference to him as an inmate is analogous to compelling him to wear prison clothing, over objection, throughout the course of the trial. We cannot conclude that the trial court's statement amounted to a "continuing" or "constant" reminder that Walker was detained at the time of trial. Significantly, it is well settled in Georgia that "[e]vidence that an accused was confined in jail for the offense at issue in a criminal trial does not place defendant's character in evidence." *Johnson v. State*, 191 Ga. App. 845, 846 (2) (383 SE2d 346) (1989) (mistrial was not warranted when witness testified that he went to "the prison" to identify the

defendant), citing *Fields v. State*, 176 Ga. App. 122, 123 (335 SE2d 466) (1985) (no error when a psychiatrist was permitted to testify that he examined the defendant in jail), and *Dollar v. State*, 149 Ga. App. 97, 98-99 (3) (253 SE2d 461) (1979) (mistrial was not warranted when witness testified that he saw the defendant at the jail). See also *Williams v. State*, 242 Ga. 757, 758-759 (2) (251 SE2d 254) (1978) (witness testimony that the defendant was in jail did not place his character in evidence).

Finally, at the close of the trial, the judge charged the jury as follows: "By no ruling or comment which this Court has made during the progress of the trial has the Court intended to express any opinion upon the facts of this case, upon the credibility of any of the witnesses, upon any of the evidence, or upon the guilt or innocence of this Defendant." Accordingly, we find no error. See *Hunt v. State*, 247 Ga. App. 464, 469 (5) (542 SE2d 591) (2000).

2. In a related error, Walker argues that he was denied effective assistance of counsel because his attorney did not move for a mistrial after the court referred to him as an inmate. Based on our holding in Division 1, such a motion was not warranted by the court's statement. Therefore, this error is without merit. *Biswas v. State*, 255 Ga. App. 339, 346 (6) (b) (565 SE2d 531) (2002) ("[f]ailure to make a meritless objection is not evidence of ineffective assistance of counsel").

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 3, 2003.

*Mario A. Pacella*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.