A04A0251. GOINGS v. THE STATE.
(593 SE2d 751)

ELDRIDGE, Judge.

A Toombs County jury found Antonio Goings guilty of armed robbery, which charge arose from acts Goings committed on March 13,

---

2001, at the Flash Foods convenience store on the corner of First and Green Streets in Vidalia. Goings was acquitted of another armed robbery charged in Count 1 of the indictment, which act was allegedly committed on an earlier date at the same locale. Without challenging the sufficiency of the evidence against him, Goings appeals and claims reversal is required by ten instances of trial court error. Upon review of each error as enumerated, we disagree and affirm Goings' conviction.

1. In his first claim of error, Goings contends the trial court judge, who was presiding by designation, was unqualified to preside over a capital felony trial because such judge normally sits as a juvenile court judge and was, thus, inexperienced in criminal law. This contention is meritless.

Goings does not contend that the trial judge was not properly designated under OCGA § 15-1-9.1. Nor does he claim that the trial judge was not qualified under OCGA § 15-6-4. "[A]s it is not [claimed] that this trial judge did not meet the qualifications to serve as a superior court judge, [Goings'] challenge to the trial judge is without merit."[1]

Further, no objection was made at the time of trial to the judge's qualifications on the "experiential" basis now urged. And no evidence is in the record before us to support Goings' claim that this trial judge was inexperienced in criminal law. Certainly, such conclusion is not authorized simply because the judge's judicial office is normally that of a "juvenile court judge." Absent any factual basis for Goings' claim, we find no grounds for reversal because "this court will not consider factual representations made in a brief which are not supported by the record."[2]

2. In his next two claims of error, Goings contends (a) the trial court erred in imposing a mandatory sentence of life without parole, and (b) "the trial judge's use and application of the 'two violent felony' statute as well as the statute itself is unconstitutional" as violative of the Eighth Amendment proscription against cruel and unusual punishment.

(a) During the sentencing hearing, Goings' three prior felony convictions were introduced without objection, one of which was for armed robbery. Thereafter, Goings conceded that OCGA §§ 17-10-6.1 (a) (2) and 17-10-7 (b) (1) and (2) authorized the imposition of a mandatory sentence of life without parole in this case. Indeed, the record and the cited statutes support the validity of such concession. Accordingly, Goings' current contention that the trial court erred in

---

[1] (Citations omitted.) *Moore v. American Suzuki Motor Corp.*, 203 Ga. App. 189, 192 (4) (416 SE2d 807) (1992).

[2] *Jones v. State*, 243 Ga. App. 418, 419 (531 SE2d 755) (2000).

imposing a sentence of life without parole is meritless. Moreover, "a party cannot complain of a judgment, ruling, or order that his own trial procedure, legal strategy, or conduct procured or aided in causing."[3]

(b) Goings' claim that the "two violent felony" statute, OCGA § 17-10-7 (b) (2), violates the Eighth Amendment proscription against cruel and unusual punishment "is foreclosed by the Supreme Court of Georgia's decision in *Ortiz v. State*, 266 Ga. 752, 754 (2) (a) (470 SE2d 874) (1996)."[4]

(c) Before this Court, Goings also argues that, under the language of OCGA § 17-10-6.1 (b) designating the mandatory minimum sentence for commission of a serious violent felony, he should have been sentenced to ten years without parole; he claims that OCGA § 17-10-6.1, i.e., the Sentence Reform Act, was "intended by the legislature to supplement all prior sentencing provisions," including the "two violent felony" statute, OCGA § 17-10-7 (b) (2), under which Goings was sentenced. We disagree.

First, this argument was not made at the time of sentencing and is thus waived because,

[a]n error of law has as its basis a specific ruling made by the trial court. There having been no rulings by the trial court on the issues raised on appeal, there are no rulings to review for legal error.[5]

Second, OCGA §§ 17-10-6.1 and 17-10-7 (b) (2) are not in conflict so that one supplants the other, as Goings' argument appears to assert. OCGA § 17-10-6.1 addresses mandatory sentencing upon commission of a first serious violent felony, while OCGA § 17-10-7 (b) (2) addresses mandatory sentencing upon commission of a second serious violent felony. Accordingly, Goings' argument is substantively without merit.

3. We find no error in the trial court's refusal to charge on the lesser included offense of robbery by intimidation. The victim in this case testified with certainty that Goings displayed a handgun to her at the time of the robbery: "[Victim:] It was a gun. [Prosecutor:] So you recognized it as being some type of pistol? [Victim:] Yes, sir." In Goings' confession, he stated to the police he used a handgun during

---

[3] (Citation and punctuation omitted.) *Barlow v. State*, 237 Ga. App. 152, 155-156 (1) (513 SE2d 273) (1999).

[4] *Shuman v. State*, 244 Ga. App. 335, 336 (1) (535 SE2d 526) (2000).

[5] (Citations and punctuation omitted.) *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002).

the robbery. There was no evidence that intimidation was used to accomplish the offense. In that regard,

> [a]lthough robbery by intimidation is a lesser included offense of armed robbery, it is not error in an armed robbery case to fail to charge on robbery by intimidation where there is evidence of robbery by use of an offensive weapon, but no evidence of robbery by intimidation.[6]

4. Goings raises a claim of ineffective assistance of counsel at trial based upon his attorney's failure to request a charge on robbery by intimidation. However, as discussed in Division 3, supra, a jury instruction on robbery by intimidation was not warranted under the facts of this case. Consequently, Goings' trial attorney was not ineffective for failing to request such charge. Because "[e]rror and prejudice must be shown in order to prevail on a claim of ineffective assistance of counsel,"[7] the failure to request a meritless jury instruction cannot demonstrate ineffective assistance of counsel.[8]

5. We will not consider Goings' Enumeration of Error Nos. 6, 7, and 8 relating to the testimony of cab driver James Fishback. Fishback's testimony went solely to the identification of the perpetrator of the armed robbery charged in Count 1 of the indictment, an offense for which Goings was acquitted. "Acquittal on this count rendered . . . error, if any, harmless if not moot. [Cits.]"[9]

To the extent that Goings' claims of error also encompass a contention that the trial court made an improper expression of opinion as proscribed by OCGA § 17-8-57, our review of the complained-of comments shows them to be an explanation for the court's evidentiary ruling on the admissibility of Fishback's testimony.

> It is well settled that remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence. There is no indication in the record

---

[6] (Citation omitted.) *Hill v. State*, 228 Ga. App. 362, 363 (1) (492 SE2d 5) (1997).

[7] (Punctuation and footnote omitted.) *Zellmer v. State*, 257 Ga. App. 346, 348 (2) (571 SE2d 174) (2002).

[8] Goings also appears to allege ineffective assistance of trial counsel based upon his attorney's failure to object to certain testimony on the basis of "competency," as opposed to "relevance." However, this ground was not put forward in the court below as a basis for a claim of ineffective assistance of counsel, and we will not consider it for the first time here. See *Seese v. State*, 235 Ga. App. 181, 183-184 (3) (509 SE2d 94) (1998) (attempt to raise claims of ineffectiveness of counsel on grounds different from those supporting the original ineffectiveness claim are procedurally barred).

[9] *McClain v. State*, 226 Ga. App. 714, 719 (4) (487 SE2d 471) (1997).

that the court expressed an opinion as to the guilt of the defendant.[10]

6. Next, Goings complains about the admission into evidence of the results of a polygraph examination demonstrating Goings' innocence in an unrelated home invasion offense. Goings, however, agreed to take the polygraph and did not object to its admission into evidence — perhaps because the results showed him to be truthful. Goings' only objection was to the characterization of the examiner/witness that Goings' was "not guilty" of the home invasion offense: "Objection to the characterization, Your Honor. Not guilty is a court determination, not a police determination." Substitution of another phrase led to Goings' assertion that he was "satisfied" with the resolution, and no further objection was registered. "It is a well settled rule that a litigant cannot submit to the ruling of a trial court or otherwise acquiesce in the holding or response and then complain of the same on appeal."[11]

7. In his last enumeration of error, Goings claims error in the admission of his statement to the police about his commission of the armed robbery offenses. He argues that the *Miranda* warnings he was given applied only to questioning on the home invasion offense referred to in Division 6, supra, for which he was initially detained. Thus, he argues, his subsequent incriminating statement concerning the armed robbery offenses — which statement was made shortly after questioning on the home invasion ceased — was given without benefit of *Miranda*.

Notably, Goings does not claim that his statement was involuntary. He does not claim that he was not given the proper *Miranda* warnings. Nor does he claim that he did not validly waive the rights implicated in *Miranda*. Instead, Goings appears to contend that police are confined to questioning related to only one offense per *Miranda* warning, and *Miranda* warnings must be regiven whenever an officer intends to begin questioning on another, unrelated offense. Goings cites no case law in support of this novel proposition, and we know of none. We are aware, however, of a legal basis for reaching a contrary result.

This Court has never held that mere silence by law enforcement officials as to the subject matter of an interrogation is . . . sufficient to invalidate a suspect's waiver of *Miranda* rights, and we expressly decline so to hold today. Once

---

[10] (Citations and punctuation omitted.) *Walker v. State*, 259 Ga. App. 83, 84 (1) (576 SE2d 62) (2003).

[11] (Citation omitted.) *Davis v. State*, 203 Ga. App. 315, 318 (6) (416 SE2d 789) (1992).

*Miranda* warnings are given, it is difficult to see how official silence could cause a suspect to misunderstand the nature of his constitutional right — his right to refuse to answer any question which might incriminate him. Indeed, it seems self-evident that one who is told he is free to refuse to answer questions is in a curious posture to later complain that his answers were compelled. We have held that a valid waiver does not require that an individual be informed of all information useful in making his decision or all information that might affect his decision to confess. We have never read the Constitution to require that the police supply a suspect with a flow of information to help him calibrate his self-interest in deciding whether to speak or stand by his rights. Here, the additional information could affect only the wisdom of a *Miranda* waiver, not its essentially voluntary and knowing nature. Accordingly, the failure of the law enforcement officials to inform [defendant] of the subject matter of the interrogation could not affect [defendant's] decision to waive his Fifth Amendment privilege in a constitutionally significant manner.[12]

Because — absent evidence of "official trickery"[13] — the validity of a *Miranda* waiver does not depend upon the subject matter of an interrogation but upon a suspect's voluntary decision to submit to interrogation in relinquishment of the Fifth Amendment right to silence, Goings' claim that *Miranda* must be regiven whenever the subject matter of an interrogation is changed must fail.[14]

Under this same claim of error, Goings also appears to argue that *Miranda* warnings should have been regiven because of the length of time between the questioning about the home invasion offense and the questioning on the armed robbery offenses. At trial, this ground was not argued as a basis for suppression. "[B]ecause grounds not presented to, nor specifically ruled upon by, the trial court are waived and not generally considered by this Court, this question is not properly before us for review."[15] Moreover, the record shows that very little time elapsed between the questioning on the different offenses and that such questioning was conducted by the

---

[12] (Citations, punctuation and footnotes omitted.) *Colorado v. Spring*, 479 U. S. 564, 576-577 (107 SC 851, 93 LE2d 954) (1987).

[13] Id. at 575.

[14] *Christenson v. State*, 261 Ga. 80, 85-86 (3) (402 SE2d 41) (1991); *Peebles v. State*, 260 Ga. 430, 431 (1) (396 SE2d 229) (1990). See also *Cantrell v. State*, 237 Ga. 851, 852 (230 SE2d 287) (1976) (after *Miranda* is given, suspect may be interrogated about the commission of crimes other than the one for which he was arrested).

[15] (Citations omitted.) *Bain v. State*, 258 Ga. App. 440, 445 (3) (574 SE2d 590) (2002).

same officer who read Goings the *Miranda* warnings. As the questioning was part of a continuing pattern of interrogation interrupted only by a short time period, the officer was not required to remind Goings of the *Miranda* rights.[16]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JANUARY 26, 2004

*M. Francis Stubbs*, for appellant.
*Steven Askew, District Attorney*, for appellee.

