## A05A0982. FARMER v. THE STATE.
### (623 SE2d 545)

PHIPPS, Judge.

An accusation charged Walter Farmer with first degree forgery, alleging that, with intent to defraud, he had knowingly possessed a check "made payable to Walter Farmer, in the amount of $2,335.75, in such a manner that the writing as made purports to have been made by authority of one who did not give such authority and did utter said writing." Convicted of first degree forgery, Farmer appeals, contending that the evidence was insufficient to sustain his conviction and that the trial court erred in its final charge to the jury. Because Farmer has not demonstrated any reversible error, we affirm.

1. Farmer contends that the evidence was insufficient to sustain his conviction of first degree forgery. OCGA § 16-9-1 (a) provides that a person commits that offense "when with intent to defraud he

knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing."

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

Viewed in this light, the evidence showed that on September 24, 2002, Farmer endorsed and presented to a check cashing store located in Clayton County a check made payable to "Walter Farmer." After verifying Farmer's identification, an employee of the check cashing store gave Farmer approximately $2,335.75, which was the amount of the check. The check, which was drawn on a construction company's bank account, was dishonored and then returned to the check cashing store. A representative of the construction company testified that Farmer had never been a company employee, that he had never been a company vendor, and that he had not had the company's permission to cash that check.

Farmer testified to a version of events that he claims established that he had not known that the check was not issued with the construction company's authorization. According to him, a person he knew only as "Greg" had handed him the $2,335.75 check and an $1,800 check, both drawn on the construction company's account and made payable to him. Greg had paid him $300 cash to (1) drive a 27-foot U-haul truck provided by Greg from DeKalb County to a certain shopping center in Athens; (2) cash the $1,800 check at a particular business; (3) give the money from that check, along with the rental truck, to a man who would approach him there; (4) take from that man a different 27-foot U-haul truck; (5) drive that rental truck to a certain shopping center in Clayton County; (6) cash the $2,335.75 check at a designated check cashing store; and (7) give the money from that check, along with the rental truck, to a man who would approach him there. Farmer testified that he had met Greg for the first time on the day of the incident, that he had not seen Greg

---

[1] *Davis v. State*, 264 Ga. App. 128, 130 (1) (589 SE2d 700) (2003) (citations omitted); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

since, that he did not know what was in either truck, that he did not know the name of the man to whom he gave the money in Athens, and that he did not know the name of the man to whom he gave the money in Clayton County. However, he claimed, "There was no defrauding on my part because I used my name, my I.D., gave [the check cashing store] my phone number, my thumb print, and so there was no deception on my part to defraud them. . . . I had no idea that check was false."

The evidence, nonetheless, authorized the jury to reject Farmer's defense and find him guilty beyond a reasonable doubt of first degree forgery.[2]

2. Farmer contends that the trial court authorized the jury to find him guilty of first degree forgery in a manner not charged in the accusation, citing the court's instruction that, "A person commits forgery in the first degree when that person possesses any writing made in the name of another, with knowledge that the writing is forged and with the intent to defraud another person, and utters the forged writing to another person." "If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the [accusation], then the conviction is defective because of a fatal variance between the proof at trial and the [accusation]. . . ."[3] Pretermitting whether Farmer has waived review of this claim of error, the cited instruction provides no basis for reversal.

In *McBride v. State*,[4] we listed several manners by which first degree forgery could be committed:

> By knowingly and with intent to defraud uttering a writing (1) in a fictitious name; or (2) in such a manner that the writing purports to have been made by another person, at another time, with different provisions; or (3) in such a manner that the writing purports to have been made by the authority of one who did not give such authority.

The state alleged that Farmer had committed first degree forgery in the third manner. Farmer argues that the phrase "the name of another" in the cited instruction authorized the jury to convict him under the "fictitious name" manner only; he argues further that he could not have been convicted of having committed the crime in that

---

[2] See *White v. State*, 208 Ga. App. 885, 885-887 (1) (432 SE2d 562) (1993); compare *McBride v. State*, 199 Ga. App. 527 (405 SE2d 345) (1991).

[3] *Hill v. State*, 228 Ga. App. 362, 364 (2) (492 SE2d 5) (1997) (citation and punctuation omitted).

[4] Supra at 528 (1), citing OCGA § 16-9-1 (a).

manner because the evidence was "undisputed at trial that the check was made out to Walter Farmer, Appellant and not to a fictitious person." There is no merit in this argument because "the name of another" refers to the name of a person or entity other than the person committing the forgery — here the construction company.[5]

There is no reasonable possibility that the jury convicted Farmer of first degree forgery in a manner not alleged.[6] The state presented evidence that Farmer had committed that offense in the third manner *McBride* described — specifically, by uttering a check that had been made without the authority of the construction company. The cited instruction, along with the court's other instructions on first degree forgery, adequately charged the jury on the essential elements of that offense as alleged in the accusation. Furthermore, the trial court read the accusation to the jury in its preliminary and final charges; it instructed the jury that if it believed beyond a reasonable doubt that Farmer had committed "the offense of forgery in the first degree as alleged in the accusation," it would be authorized to find him guilty; and it sent the accusation out with the jury during deliberation so that the jurors could read the specific charge for themselves.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 18, 2005.

*Brown & Gill, Angela Brown Dillon*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[5] Hence, whether "Walter Farmer" was a fictitious name on the check is not dispositive.
[6] See *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987); *Hill*, supra; *White*, supra at 891 (7); compare *McBride*, supra at 528-529.